No. 20.—RICHARD V. CARTER, plaintiff in error, *vs.* JOSEPH McMICHAEL, defendant.

[1.] A distributee against whom the administrator had recovered a judgment at Law for $3000 filed his bill to restrain the collection of the debt, and suggesting that the defendant had funds in his hands, coming to him, to the amount of about $5000 ; that he had held the estate for six or seven years, and that he believed him to be insolvent: *Held,* that the injunction should be retained until the hearing, and that the bill need not allege that the sureties upon the administration bond were insolvent.

In Equity, in Randolph Superior Court. Decided by Judge KIDDOO, at Chambers, May 6th, 1856.

This was a bill filed by Joseph McMichael against Richard V. Carter, adm'r, &c. of Richard Carter, deceased. The bill charges that Richard Carter died, leaving a large estate, consisting of lands, negroes, &c. amounting in value to Twenty-two Thousand Dollars, or about that sum ; and also that he left six heirs or distributees, of which complainant's wife was one ; that after the death of said Richard Carter, the said Richard V. Carter applied for and obtained letters of administration on his estate, which he now has in his possession. The bill charges that some time after the death of the said Richard Carter, Mary C. Carter, one of the distributees of

said estate died, bequeathing by her last will, to the wife of complainant, the sum of $800, it being a part of her distributive share of said estate, all of which is still in the hands of the defendant in the bill. Complainant claims that he is entitled to one-sixth of said estate, as well as the said sum of $800 bequeathed to his wife as aforesaid; and that his whole interest in the estate in the hands of said defendant, amounts to the sum of about Five Thousand One Hundred Dollars. The bill charges, that at the October Term, 1855, of Randolph Superior Court, defendant obtained a judgment against complainant in an action of trover, brought to recover certain negroes, for the sum of Three Thousand and Fifty-three Dollars and Five Cents, principal, interest and costs, and that a *fi. fa.* had been issued thereon and levied by the Sheriff on the land of complainant, and the same advertised to be sold on the 1st Tuesday in May, 1856. Complainant alleges that he held the negroes sued for in good faith, believing they were his own, and that he would have filed his bill to restrain said action of trover, and praying for an account and settlement with said defendant, had he not been advised that he could hold said negroes in law; and that since the rendition of said judgment, said defendant has sent him repeated messages that he would settle in full with him; and that he has been relying upon and expecting said defendant to come to a full and fair settlement in the premises, and after satisfying said *fi. fa.* to pay over to him the balance due him from said estate. All of which said defendant now refuses to do, but is proceeding to enforce the collection of said *fi. fa.* against complainant by levy and sale of his property as aforesaid, which, if done at this time, he alleges will do him irreparable injury. Complainant further alleges, that he is unable to satisfy and pay off said *fi. fa.* without selling his property, unless said defendant will pay him the amount justly due him from said estate.

The bill further charges, that defendant has had charge of said estate six or seven years and has never paid complainant

any portion of his distributive share thereof; that defendant owes some Fifteen Thousand Dollars or other large sum; that he has but little property of his own; that he is largely indebted to said estate for property sold, hire of negroes, &c. and that from the number of judgments already obtained against defendant and the number of suits still pending against him, complainant believes him to be insolvent and unable to pay his debts, and unable to respond to any judgment complainant might obtain for his distributive share of said estate. The bill also alleges that it is very doubtful whether the amount of said estate could be collected from defendant's securities on his administration bond, and that if defendant is permitted to proceed with and collect said *fi. fa.* complainant will never be able to realize any portion of his distributive share of said estate.

The bill prays that said *fi. fa.* be enjoined until a full and fair settlement shall be had between the parties, and that such other relief be granted as may be proper under the circumstances.

On the 6th day of May, 1856, both parties being represented by Counsel, the bill was presented to the Chancellor to be sanctioned, when defendant's Counsel objected to the granting the injunction prayed for, on the following grounds:

1st. Because the facts stated in the bill did not authorize the granting of an injunction, there being no equity in the same.

2d. That the Counsel who sued out and obtained the Common Law judgment, the collection of which was sought to be restrained, claimed to be due them for said services, their fees, by special contract with said defendant; and that said injunction, if granted at all, should not extend to the amount of said fees, they having a lien upon said judgment for the same, and having notified the said plaintiff that they relied on said lien. The Court over-ruled these objections and granted the injunction as prayed for. To which decision Counsel for defendant excepts.

Carter *vs.* McMichael.

McDougald; Douglass & Douglass; Perkins & Nisbet; Hood & Robinson, for plaintiff in error.

Tucker & Beall, for defendant.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] In the opinion of this Court, the bill requires an answer. The administrator of an estate has recovered a judgment against one of the distributees for $3000. The distributee claims that there is, in the hands of the administrator, coming to him, about $5000; that the administrator has had possession of the estate for six or seven years, and that he believes him to be insolvent, and gives the reason why he thinks so.

This simple statement we think sufficient, of itself, to show that the bill should not be dismissed upon demurrer.

If the judgment against McMichael, the distributee, is needed either to pay debts or to make an equal division of the estate, or for any other legitimate object, let it be made appear by the answer. So in the matter of the Attorney's fees for recovering this judgment; if the lien exists, it can be set forth in the answer and it will be protected.

It need not be alleged that the securities to the administration bond are insolvent. As against the administrator the equity is complete without this. Indeed, the securities themselves might interpose to restrain the collection of this judgment, were they in peril of having to make good the share coming to McMichael.

Each distributee is entitled, under the law, to sue separately. Is not this as convenient a way of forcing a settlement as any other? Why not, seeing it has been delayed so long?