EMANUEL ISAACS *et ux.*, plaintiffs in error, *vs.* JAMES J. $\frac{58}{95}$ $\frac{457}{795}$ TINLEY, executor, defendant in error.

1. Objection to equity jurisdiction, on the ground of an adequate and complete remedy at law, must be made by demurrer at the first term; it comes entirely too late after verdict and decree.
2. " Civil cases founded on contract," in the third paragraph of the third section of the fifth article of the constitution of the state, in respect to the court rendering judgment without a jury, where an issuable defense is not filed on oath, mean cases tried at law, and not in equity.
3. A conveyance·to secure a debt, made under the act of 1871, passes title, and defeats all right to homestead in the land covered by such a deed.
4. Equity will be slow to interfere with a·former decree between the same parties, when all were served·with its subpœna and·had their day in court.

Equity. Demurrer. Constitutional Law. Pleadings. Judgments. Before Judge HILL. Bibb Superior Court. October Term, 1876.

Reported in the opinion.

LYON & NISBET; BACON & RUTHERFORD; G. W. GUSTIN, for plaintiffs in error.

LANIER & ANDERSON, HILL & HARRIS, for defendant.

JACKSON, Judge:

This was an application for an injunction; the·injunction was refused, and the complainant, being· dissatisfied, brings the case before us.

Isaacs borrowed three thousand dollars·from James Tinley, deceased, and, to secure the payment·thereof, Tinley took a deed from Isaacs to a boarding-house in Macon, Isaacs' wife assenting, under the act of 1871—Code, §1969. James Tinley died, and his executor went·into equity and procured a decree against·Isaacs and wife, to have the property sold and the debt paid, and the balance of the money turned over

to Isaacs, alleging in the bill that the property was worth much more than $3,000, and hence he had not brought ejectment.   Neither Isaacs nor his wife answered or pleaded to the bill, but they were served regularly, and the jury found a verdict, and the decree was made thereon.   Execution was issued upon this decree, and levied upon the house and lot.   Thereupon Isaacs and wife brought this bill, and prayed to enjoin the execution.

This bill alleges the foregoing facts, and says that the court of equity had no jurisdiction to decree the sale of this property—that the deed was a mortgage, in fact, and that it should have been foreclosed at law, and that there was no issuable fact pleaded on oath, and, therefore, the verdict was illegal, and that this illegal proceeding deprives complainants of their right of homestead, and defeats other and superior liens of other creditors of Isaacs.   It prays for a new trial, and an injunction until the trial, which the chancellor refused.   This refusal is the error assigned.

1. The first question is, did the court of equity have jurisdiction to decree on the bill to sell the property ?   The only ground of demurrer to the bill would have been, that the common-law remedy was complete, conceding that the deed was a mortgage ; but this court has ruled that defendants must demur on this ground at the first term ; that it is too late to move to dismiss on the trial even, and especially too late after decree.   And there is sound sense in the ruling, because the defendant ought not to be permitted to delay forcing the complainant on the right side of the court—the side that had clear jurisdiction—longer than at the term when he should file his demurrer, and this is the first term —Code, §4191 ; 27 *Ga.*, 233, 352.

Even if the paper had been a mortgage merely, and had not operated to pass the title into Tinley, we should hold that the defendants in the first bill, the complainants here, were too late.   But the statute, Code, §1969, declares that such a deed as this, though made to secure the debt, should pass the title and put it in the vendee.   We

are at a loss to see why the legislature cannot make certain kinds of mortgages pass title, if they see fit. They have made this conveyance pass the title certainly, until this money is paid, and whether we call it deed or mortgage, or aught else, it did pass the title; and as it would have been unconscientious for Tinley to sue in ejectment and recover the whole land, which was worth three times the debt, and as, in all likelihood, Isaacs would have forced him into equity, or filed an equitable plea, if he had so sued, so as to have got the very decree which was made in the case, we are inclined to think that equity did have jurisdiction, as well as law, and, equity here acquiring the jurisdiction first, that if the parties had demurred at the proper time, the demurrer would have been, and should have been, overruled. However, the complainants are too late now, and that is enough for this case.

2. But it is said that there was no sworn answer, or other sworn plea, in this case, and that therefore the jury trial was illegal, and the decree thereon void. This is predicated upon the constitution, Code, §5091, which enacts that "the court shall render judgment without the verdict of a jury in all civil cases, founded on contract, where an issuable defense is not filed on oath." We think that this clause refers to common law, and not to equity trials. The words "civil cases" have been so construed, 3 *Kelly*, 575, and the word "judgment" has reference to proceedings at law, and not in equity; and the rule of court is only a common law rule—Code, page 949.

3. We have ruled distinctly that the title passed by such a conveyance as this is, and that the homestead not having been laid off or granted before the deed, was defeated, so far as the debt secured was involved. 55 *Ga.*, 691.

4. On the whole, we see no equity in this bill, and affirm the judgment refusing the injunction—especially as these parties had had their day in court. 2 *Kelly*, 325, *et seq.*

Judgment affirmed.