## YARBROUGH v. PRUDENTIAL INS. CO. OF AMERICA.

### No. 8904.

Circuit Court of Appeals, Fifth Circuit.

Dec. 30, 1938.

HUTCHESON, Circuit Judge, dissenting.

For former opinion, see 99 F.2d 874.

Rodney S. Cohen and William M. Lester, both of Augusta, Ga., for appellant.

C. Baxter Jones, of Macon, Ga., and Joseph B. Cumming, of Augusta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

The insurance agent is not directly interested in the result of the case so as to disqualify him as a witness at common law, but his situation affects his credibility. If he collected no premium as he says, he owes his Company nothing in this transaction. If he collected it he owes it, for he has not paid it over. His testimony also lacks one of the ordinary sanctions attending an oath, because if false he could not successfully be prosecuted for perjury, since the only witness against him is dead. At least two circumstances in the case are against his testimony: That he did not take the receipt for the policy customarily taken where delivery is for examination only; and did not seek to recall the policy the next day when it was not paid for according to the agreement he says was made. All these things make his testimony not conclusive, but to be weighed by the jury together with his manner and demeanor in testifying.

Mrs. Yarbrough, of course, has a direct interest in the result of the trial, and the truth of what she testifies is likewise for the jury. What she says her husband told her in mere conversation when he was doing nothing about the policy is only hearsay, no more admissible than what he said to his friends. But the fact that he turned the policy over to her, she being the beneficiary, instead of turning it back to the Company has been admitted without objection, and rightly. That was an act with reference to the policy; a circumstance to show the character of his possession of the policy. But it was an ambiguous act, for she had a specimen copy of the policy and the agent testifies he let the policy out of his hands to be compared with this specimen copy. What the deceased said in handing the policy to her, in effect that it was hers and paid for, tends to show that he was not turning it over to her for comparison but to keep as her own. What he said about payment is not to be considered direct testimony that it was paid for, but that together with the rest of his statement is res gestae of his possession of the policy. Lovett v. State, 80 Ga. 255, 4 S.E. 912; Walker v. State, 28 Ga. 254; Brown v. Cantrell, 62 Ga. 257. "All those declarations that were made at the time of taking possession, or while in the actual possession, explaining the nature of his possession, and his intent in such occupancy, are admissible as parts of the res gestæ, but such as constitute a narrative or statement of the past, such as that he had bought the land; that he had taken possession, and had held possession and used the land as his own for such a space of time, are not parts of the res gestæ, and were improperly admitted.' Carrol v. Gillion, 33 Ga. 539, 546. His declaration clarifies the nature of his act in dealing with the policy, tending to establish it as an act of ownership. That act thus clarified is only circumstantial evidence, to be used by way of argument as to whether it is likely or not that he would have so turned over to his wife as hers a policy which he knew was loaned

and not paid for. The weighing of all these circumstances and all the testimony is for the jury.

Motion denied.

HUTCHESON, Circuit Judge (dissenting).

When this case was decided I contented myself with a brief dissent as to the admissibility as res gestae, of the declarations of the deceased. The majority having per curiam undertaken to mend their hold, I take leave to mend mine; for I think it plain that by their efforts, instead of mending their hold, they have mended mine.

I find no fault whatever with the authorities the new opinion cites. Indeed, I embrace them; for they flatly hold that declarations which "constitute a narrative or statement of the past, such as that he had bought the land; * * * are not parts of the res gestæ, and were improperly admitted."

This is law not alone in Georgia, but everywhere. In Jones on Evidence, 4th Ed., Sec. 345, citing a multitude of cases, including Shadburn Banking Co. v. Streetman, 180 Ga. 500, 179 S.E. 377, 99 A.L.R. 854, it is said—"The admissibility of statements under the doctrine which is herein considered, depends upon their having been spontaneous or impulsive,"—"A declaration that appears to be a narrative of a past occurrence may not be received in evidence."

Here the declarations admitted were statements as to a past act or occurrence; that declarant had paid the premium on the policy. In addition, they were deliberately made, and there was neither spontaneity nor impulsiveness about them.

Of precisely the same nature and character as his other purported declarations as to the payment of the premium, which the majority agree with me should be excluded, these declarations are nevertheless held admissible as res gestae of his act of delivering the policy to his wife.

With deference, I submit that it is perfectly plain that a statement made at that time, by the deceased, that he had paid the premium, is clearly inadmissible, both because it is a statement or narrative of a past occurrence, and because the statement is in no sense a verbal act or fact constituting part of the litigated occurrence or transaction, which in this case was not whether he had turned the policy over to his wife, a wholly immaterial if not irrelevant matter, because nobody disputed it, but whether he had paid the premium. Jones, supra, Sec. 347; Wigmore, 2d Ed., Vol. 3, Sec. 1772–1774 and 1775.

The admission into evidence through the mouth of his wife, of this self-serving statement or narration by the deceased, as to a vitally important fact or transaction in the case, that he had paid the premium, is in my opinion, not only error, but error of the gravest and most prejudicial kind.

I respectfully dissent from the ruling that the declarations were admissible.