30183, 30184. VOWELL et al. v. CARMICHAEL et al.
(two cases.)

Hill, Justice.

These two appeals involve attacks on orders and a judgment issued by a superior court sitting as a court of equity. Zelma Fay C. Vowell and others appeal from the overruling of their motion to set aside the judgment and dismiss the complaint for lack of jurisdiction and lack of equity. They also appeal from a subsequent order approving the sale of certain property.

On December 17, 1970, all the legatees and devisees named in the will of Homer Clark Carmichael, that is, all his living children and two grandchildren, children of a deceased child, entered into an agreement to probate his will with the three persons named in the will serving as executors but to distribute the estate not according to the will but by dividing it into nine equal parts, with eight of the children each taking one part and the ninth share going to the two grandchildren.

On October 25, 1972, four of the children and the grandchildren filed a complaint in the superior court alleging that even though all debts and taxes had been paid the executors had failed to account for the monies and property of the estate and had refused to give any date when the estate would be finally distributed pursuant to the agreement. The plaintiffs alleged that there was no adequate remedy at law and asked for an accounting, an

injunction against disposition of property of the estate, the replacement of the executors, and such other relief as may be equitable. A temporary restraining order was issued and it was later continued by consent of the parties. After the executors answered, all the parties consented on May 10, 1973, to an order which prohibited partial distribution and payment of executors' fees until final distribution, and set a time limit of within a year as the date for final distribution to the heirs in accordance with the agreement. In August 1974, a motion to remove the executors was overruled.

In early 1975, by supplemental pleading the plaintiffs prayed for enforcement of the consent order, or the appointment of a commissioner to carry it out. After a hearing the court, on February 24, 1975, appointed a commissioner to sell the property of the estate. On April 25, the executors questioned for the first time the court's jurisdiction and the need for equity. On May 26, 1975, the court denied the executors' motion to set aside the February 24 "judgment" and two days later, May 28, the court approved the sale of the real estate by the commissioner to a third party. On May 29 the executors filed their notice of appeal as to the May 26 order (case No. 30183) and on June 2 filed their notice of appeal as to the May 28 order (case No. 30184).

1. The executors appeal from the overruling on May 26, 1975, of their motion to set aside the judgment and dismiss the complaint (case No. 30183). They argue that the probate court has exclusive jurisdiction of this matter and that there was no equitable ground for the judgment. They also argue that their May 29 notice of appeal superseded the May 28 order of the trial court and therefore the order of May 28 approving the sale was void.

Code Ann. § 6-701 provides, generally, for appeal from judgments and rulings of the superior courts where the judgment is final or where an interlocutory order has been certified for immediate review. Here no certificate for immediate review was obtained.

Normally it would appear that the overruling of a motion to set aside a judgment would be a final, hence an appealable, order. However, because the validity of the May 26 order is enumerated as error in the other appeal,

we need not decide whether or not it was a final order in this case, except as this question may be necessary to determine whether the court below had jurisdiction to enter the May 28 order.

Code Ann. § 6-1002 (a) provides that "In civil cases, the notice of appeal filed as hereinbefore provided shall serve as supersedeas. . ." The notice of appeal of the May 26 order was filed on May 29, after the May 28 order. The notice of appeal serves as supersedeas from the time of filing; it does not act as supersedeas retroactively. See *Shadburn Banking Co. v. Streetman,* 180 Ga. 500 (1) (179 SE 377) (1935).

The court below had jurisdiction of the case at the time it entered the May 28 order.

2. The appeal by the executors from the May 28 order (case No. 30184) enumerates as error the earlier May 26 order referred to in Division 1, the consent order of May 10, 1973, providing for final distribution of the property within a year, and the order of February 24, 1975, replacing the executors with the commissioner. Counsel for appellants contend that the May 28 order is appealable and counsel for appellees agree. This being so, the May 26 order is reviewable in the second appeal. Code Ann. § 6-701 (b).

It is the May 26 order overruling the motion to set aside the judgment which forms the heart of both appeals.

The executors contend that the superior court did not have the power to act since there were no grounds for equitable relief and the probate court has jurisdiction over matters of probate. They rely on the rule stated in *Hamrick v. Hamrick,* 206 Ga. 564 (58 SE2d 145) (1950): "While under Code § 113-2203 a court of equity has concurrent jurisdiction with the ordinary over the settlement of accounts of administrators, and under Code § 37-403 equity, upon the application of an interested person, will assume jurisdiction to prevent loss, yet the 1945 Constitution, Art. VI, Sec. VI, Par. I, vests in the ordinary jurisdiction of probate, and, hence, equity will exercise jurisdiction in such matters only when the available remedies at law are inadequate."

The executors contend that plaintiffs had an adequate remedy at law, to wit: the probate court, and

hence that the superior court lacked jurisdiction. Implicit in this argument is the proposition that subject matter jurisdiction cannot be conferred by consent.

As heretofore noted, Code §§ 37-403 and 113-2203, give courts of equity original jurisdiction, concurrent or independent, respecting certain matters involving probate. Thus, it cannot be said that courts of equity entirely lack probate subject matter jurisdiction.

In addition, the defense available in equity that the complainant has an adequate remedy at law must be raised before the decree is entered; i.e., this defense is waivable. *Isaacs v. Tinley,* 58 Ga. 457 (1) (1877); *Bell v. McGrady,* 32 Ga. 257 (2) (1861).

The petition by which this action was commenced alleged that plaintiffs had no adequate remedy at law, an allegation which was denied in the defendants' answer. However, by consenting to the continuation of the temporary restraining order and to the consent order of May 10, 1973, the defendants consented to an injunction against themselves, thereby at least temporarily conceding that the equity court had jurisdiction; i.e., that plaintiffs had no adequate remedy at law. The court below had no occasion to rule expressly upon the adequacy of plaintiffs' alleged remedy at law because, before the time for such ruling arose, the consent order of May 10, 1973, was entered.

The May 10, 1973, consent order had the effect of reforming the December 17, 1970, estate settlement agreement so as to prohibit partial distributions and payment of fees until final distribution, and to provide a time (one year) for such final distribution.

When plaintiffs, by supplemental pleading, prayed for enforcement of the consent order, this action became, in effect, a suit for specific performance of the reformed settlement agreement. The superior courts have jurisdiction of suits for specific performance of contracts. Code § 37-801 et seq.

Thus, the court below had jurisdiction to enter the February 24, 1975, order, and did not err in its May 26 order overruling the motion to set aside that judgment.

Appellants urge on appeal that they should have been sued in their individual capacities as opposed to

being sued in their capacities as executors. This and other alleged errors not presented to the court below will not be considered for the first time on appeal.

*Judgment affirmed in both appeals. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

SUBMITTED JULY 25, 1975 — DECIDED OCTOBER 21, 1975.

*J. Laddie Boatright, Elsie Griner,* for appellants.
*Perry, Walters, Lippitt & Custer, H. H. Perry, Jr., Seymour S. Owens, R. R. Buckley,* for appellees.