CHARLES WALKER, et al., plaintiffs in error, vs. WILLIAM HUNTER, et al., heirs at law of Charles Hunter, deceased, defendants in error.

A Court of Equity has jurisdiction to compel the cancellation of a deed procured without consideration, and by undue influence.

In Equity, from Twiggs county. Decision on demurrer, by Judge LAMAR, at September Term, 1858.

This was a bill in equity, filed by William Hunter and

others, heirs at law of Charles Hunter, deceased, against Charles Walker and David S. Walker.

The bill states, that one William Hunter, by his last will and testament, devised and bequeathed to Charles Hunter, an aged and imbecile brother, and who was living with him at the time of his death, among other things, a valuable tract of land, containing about twelve hundred acres, lying in the county of Twiggs, and on which the two brothers resided. That said Charles continued in possession of said premises, after the death of his brother, until his own death, which happened in 1851 or 1852.

The bill further states, that said Charles was a man of weak and imbecile mind, and was entirely under the control and dominion of Charles Walker, one of the defendants; that said Charles managed his property, and attended to and transacted his business, and directed and regulated his bounties; and the said Charles Hunter was so completely under the control and mastery of said defendant, that he would transact no business without his consent or approval. That said defendant, by fraudulent means and conduct, procured the execution of such deeds and wills, by said Charles Hunter, as conveyed and bequeathed his whole estate to defendant and his children.

The bill further states and charges, that defendant, by undue influence over deceased, fraudulently procured the execution of a deed of gift, conveying the plantation and lands on which he resided, being the same devised to him by his brother, as before stated. That said deed was procured against the will and consent of said Charles Hunter, and that by reason of his imbecility of mind, and the control and dominion exercised over him by defendant, said Hunter was incapable of making said deed.

The bill further states, that said defendant, after the execution of said deed by fraudulent practices, procured said unter to execute a will, by which the balance of his proper-

ty was given to defendant, &c. That said Charles Hunter has departed this life, and defendant is now propounding said paper for probate, and to which a caveat has been filed.

The bill further states, that since the death of said Charles Hunter, the said Charles Walker, who resides in the State of Alabama, has taken possession of the lands conveyed to him by said deed of gift, and his son, the said David S. Walker, is occupying and cultivating said premises, holding and claiming under his father, by virtue of said pretended and fraudulent deed; and that complainants have brought their action of ejectment against said David S. Walker, as tenant in possession of said lands, and the same is now pending on the appeal, in the Superior Court of Twiggs county, and that all the title deeds of said lands are in the hands and possession of defendants.

The prayer of the bill is, that said deed may be cancelled and set aside as void and fraudulent, &c.

To this bill defendants demurred for want of equity, and because complainants had adequate remedy at law.

The Court overruled the demurrer on both grounds, and ordered the defendants to answer.

To this judgment defendants excepted.

CROCKER & CROCKER; S. T. BAILEY; and A. P. POWERS, for plaintiffs in error.

POE & GRIER; NISBETS; and COLE, contra.

*By the Court.*—BENNING J. delivering the opinion.

Was the Court below right, in overruling the demurrer? We think so. If the bill be true, the deed was procured without consideration, and by undue influence; and a deed so procured, is fraudulent and void. The demurrer admits the bill to be true, and therefore, admits the deed to be fraudulent and void.

Equity has jurisdiction to compel the cancellation of such

a deed, for a cancellation of it, is the only complete and adequate relief against it. . As long as it remains uncancelled, it can be used as an instrument to annoy—at least, it is a cloud over the true title. Hence, the ability to resist it at law, is not full protection against it; and that ability wears away with time, and the decay of evidence. Therefore, equity will take hold of the deed and cancel it. 2 *Story Eq.* sec. 700 ; *Watson vs. Bond,* 22 *Ga.* 637.

Judgment affirmed.