Cook *et al. vs.* Weaver, executor.

1. Where an executor obtained his discharge and became a resident in a different county from that of the administration, the court of ordinary of the county where the administration had been had no jurisdiction to call him to account in respect to the will of the decedent, under §2598 *et seq.* of the Code. The power to cite an executor to a settlement has reference to an executor who still remains such, and not to one who has been discharged.

(*a.*) The fact that the discharge may be set aside for fraud does not confer jurisdiction upon the ordinary to issue a citation for a settlement until the discharge has been so set aside.

(*b.*) The right conferred upon minors by §2607 of the Code, to bring suit against an administrator or executor within five years after arriving at majority, and the provision that they shall not be barred by his discharge, do not apply to a citation by the ordinary issued to a discharged executor requiring him to account.

2. The power in the ordinary to cite an administrator or executor to an accounting under §2598 *et seq.* of the Code, includes the power to make an account to see what each heir or distributee is entitled to receive, after costs of administration and debts are paid, and to issue execution for such sum, or by attachment for contempt to coerce its payment; but it is not within the ordinary's power, under these sections of the Code, to construe intricate bequests and settle difficult legal questions arising under a will, like a court of equity.

(*a.*) The ordinary having no jurisdiction to hear the cause, the citation was properly dismissed on demurrer.

May 1, 1886.

Administrators and Executors. Jurisdiction. Ordinary. Infancy. Constitutional Law. Before Judge SIMMONS. Coweta Superior Court. September Term, 1885.

Mary E. Cook *et al.* filed in the court of ordinary of Coweta county their petition for a settlement with A. B. Hearn, of Campbell county, as executor of Samuel Hearn, alleging, in brief, as follows: The testator, who was their great-grandfather, died in 1850. By his will, he left the bulk of his estate to his wife for life with remainder over to several remaindermen, and at the death of the life tenant, the executor was to distribute the estate. Among the remaindermen were two grandsons of the testator, B. F. Hines and W. A. Hines, for whom the executor was made guardian and trustee. The former died in 1862, and the latter was his sole heir, there being no administration. W. A. Hines, who was the father of the plaintiffs, died in July, 1862, after his brother, and before the life tenant, who died in 1863. Their mother was left with three small

children, and being so advised, did not take out any administration on their father's estate, but used such amounts as she could collect for the support of herself and children. The executor of their great-grandfather never fully accounted for the interest of their father, which they alleged to be one-eighth of the estate. He made false returns, and in 1875, obtained a discharge by fraudulent returns and representations. The plaintiffs then were minors, and one of them is still a minor. Only recently have they learned of the frauds practiced by the defendant. The administration was in Coweta county.

The case was appealed to the superior court by consent. The defendant demurred to the petition on several grounds, among them that the court of ordinary of Coweta county had no jurisdiction to call this discharged administrator to account, unless the discharge were first set aside, and because this summary proceeding is not the proper method of settling the interest of the plaintiffs in the estates of the various decedents. The demurrer was sustained, and the plaintiffs excepted.

HUGH BUCHANAN; McLENDON & FREEMAN; J. B. S. DAVIS, for plaintiffs in error.

P. H. BREWSTER, for defendant.

JACKSON, Chief Justice.

1. The only point necessary for our consideration in this citation of defendant in error to appear before the ordinary to settle with the plaintiffs in error as legatees under their great-grandfather's will, turns on the question, whether, having obtained his discharge as executor of the will in 1875, and being resident now of a different county than that wherein he is now cited to appear before the ordinary, that court of ordinary has jurisdiction to call him to account in respect to this will, under sections 2598 *et seq.* of the Code.

By the statute itself, section 2598, it is the present administrator who may thus be called to account before the ordinary, and not one who was once the administrator. He may be called upon and cited to account after the expiration of one year from the grant of administration. The ordinary may then settle finally between the parties, the administrator or executor being one party, and the distributees or legatees the other, and may enforce the settlement by execution or attachment. Code, §2599. The basis on which the settlement must be made is laid down in sections 2602–3. By section 2604, it is provided that final receipts on such settlements may be recorded by the clerk of the superior court of the county of the residence of the administrator, and be admitted in evidence, and if original be lost, a copy may be used as of registered deeds. By section 2605, it is enacted that the administrator, where litigation is pending or threatened, or notice of a claim is given him, may demand refunding bonds to indemnify him, and if not given, he may reserve assets in such cases. And here section IX of title VI of chapter III ends. Construing it altogether, we think that nothing in it contemplates the citation of an executor or administrator after his discharge.

It is true that the discharge in this case is attacked as fraudulent, and in such a case, the next section X provides, in paragraph 2608 of the Code, that one so obtained is void, and may be set aside on motion and proof of fraud. But to give the court jurisdiction of the citation, the discharge, we think, should first " be set aside on motion and proof of the fraud." Nothing of the sort is done here. Until it is done, the ordinary of Coweta county has no power to call the executor to account, because he must be at the time the executor of the will, and not the executor ten years ago.

It is said further by the very able and learned counsel for plaintiffs in error, that the minors, and such these complainants were, may bring suit against the administrator

within five years after his majority, and the discharge shall not bar him, as enacted in section 2607; and he urges that this is a suit. But the question is this, does this sort of suit lie against a discharged executor, resident in another county, when sued after his discharge? The constitution declares that " all other civil cases shall be tried in the county where the defendant resides," after designating where equity cases, divorce and land-title cases, joint obligors, etc., and makers, endorsers, etc., of promissory notes, shall be tried. This is certainly a civil case against this executor. He is in no sense longer an officer of the court of ordinary, so as to be cited there to appear and answer in that capacity; and if the constitution can be so construed as to permit an officer of the ordinary court of a county, though living in another county, to be cited there, where he has voluntarily subjected himself before his discharge to such a proceeding out of his own county, how long is such jurisdiction outside of the constitution to last? How long before he can demand that he be sued in his own county? The answer made is, until the last infant interested in his management is twenty-six years old, according to the views of the plaintiffs in error. We cannot so construe his rights; and we think that the bar of the discharge attaches to this proceeding before the ordinary to prevent his arraignment before that tribunal at least until it is set aside on motion and proof of fraud. The minor heirs have their remedy to sue, in equity or at law, the executor in the county of his residence, by virtue of paragraphs III and VI of section XVI, article VI of the constitution.*

2. The truth is, that when the administrator is called to account before the ordinary, under sections 2598 *et seq.*, it is to make an account, to see what each heir or distributee is entitled to receive after cost of administration and debts are all paid, and to issue execution for such sum, or by attachment for contempt to coerce the payment. And such is his jurisdiction as against executors in favor of legatees. But we do not believe that it is within the scope of the

*See 72 Am. Dec., 119.

ordinary's powers, under these sections of our Code, to construe intricate bequests and settle legal questions which are with difficulty adjusted by the ablest of the judiciary sitting on the bench of the superior courts as chancellors. Such appears to have been the opinion of this court in *Drane, executor, vs. Beall, caveator,* in 21st *Ga.,* p. 21. In the opinion of Judge Lumpkin, on pages 44 and 45 of the report, the point is discussed, and the result reached, that on the probate of a will, the ordinary, and even the appellate superior court, from his judgment, cannot interpret wills, but that none but a court of chancery can well determine such questions and give adequate relief. The reasoning applies as fully to settlements of accounts by the ordinary, when the construction of wills is before him, as to the case of the *actum* then before the court.

We are aware of no case where it has been held to the contrary in respect to such settlements. In *Howard vs. Barrett,* 52 *Ga.,* 15, no point was made that "the proceedings having been first instituted in the court of ordinary, the power of the superior court over the case was therefore limited to what the ordinary might have done," thus intimating that the ordinary had no power to mould a verdict, nor would the superior court, on appeal, have had it if the point had been made. See opinion by Trippe, J., on 18th page of the report. In *Davis vs. Harper et al.,* 54 *Ga.,* 180, the ruling is simply that the authority given the ordinary to enforce his judgment by execution or attachment was not unconstitutional because equity has those powers, and equity powers are given to the superior courts exclusively, and that it does not violate the right of trial by jury, because an appeal lies to a jury on facts in the superior court. In 69 *Ga.,* 734, *Greer vs. Burnam,* it is said that, as a general rule, the appellate court cannot go beyond the jurisdiction of the primary court as respects rights, but that the courts of ordinary stand on a different basis, and have some equitable powers. So it has, in that it can enforce by attachment its judgments on settlements, but that it

has some conferred by the statute shows that it has not all. That it may attach to enforce what is due on a plain accounting does not show that it has the power to construe a will and mould a judgment or decree. In *Brantley vs. Greer*, 71 *Ga.*, p. 11, Judge Hall only says that " a citation is all the pleading necessary, and it would seem that this proceeding is a substitute for a bill to account and settle in equity, as that court has, by express enactment, concurrent jurisdiction for the purpose," citing Code, §2600. But it was by no means intended that equity having concurrent jurisdiction with the ordinary of the settlement of administrators' accounts, gave the court of ordinary all the powers of a court of equity. On the contrary, this bench, which decided that case, Hall, J., delivering the opinion then, does not dream that the ordinary has such powers, and no member of the court is more decided upon our views than Judge Hall himself.

Indeed, the statute itself would seem to settle the point, and the above cases, cited by the indefatigable counsel, are reconcilable with its plain construction. The statute is, " Upon proof of such citation by a distributee, the ordinary may proceed to make an account, hear evidence upon any contested question, and settle finally between the distributee and administrator; such settlement may be enforced by execution or attachment for contempt, either party having liberty of appeal." Code, §2599.

These powers are very clearly specified. The ordinary may "make an account." This is plain,—ascertain by figures what is due after expenses, seo by division what is due this one heir complaining, or each, if more than one does, and make the administrator pay it. He may "hear evidence on any contested question, and settle finally between the distributee and administrator." To hear the evidence, the facts on both sides, and find the truth, is this power, and thus settles between them, if they differ about the accounts, *pro* and *con*, in respect to what has been paid and is due, and enforce the debt or sum due. This is

the extent of the grant. Not a word is in it about deciding points of law, or construing wills, or exercising any powers of the sort Judge Lumpkin was discussing in *Drane vs. Beall, supra,* wherein he shows the improbability that such powers were given the courts of ordinary.

Therefore, we conclude that the ordinary had no jurisdiction to hear a cause like this against this discharged administrator, resident in another county, and that the citation was properly dismissed on demurrer.

Judgment affirmed.