### CRAWFORD et al. v. CRAWFORD, administratrix.

The allegations of the petition were sufficient to withstand a general demurrer.

FEBRUARY 27, 1913.

Equitable petition. Before Judge Bell. Fulton superior court. October 27, 1911.

A. J. Crawford and others, claiming to be some of the heirs at law of J. B. Crawford, deceased, and as such entitled to one sixth of his estate, brought their petition against Mrs. M. B. Crawford individually and as administratrix of the estate of J. B. Crawford, in behalf of themselves and such of the other heirs at law of J. B. Crawford as might choose to come in and be made parties plaintiff. The petition was dismissed on general demurrer, and the petitioners excepted. The substance of the petition, so far as it needs to be stated, was as follows: J. B. Crawford died in Fulton county in 1909, aged about 80 years. A short time prior to his death he married Mrs. M. B. Savage of the State of Florida, who was then

between 30 and 35 years of age. After the death of the decedent, Mrs. M. B. Crawford, on her application, was appointed by the ordinary of Fulton county administratrix of his estate, and has qualified as such. At the time of his death the decedent owned and was possessed of a large estate of real and personal property in the city of Atlanta and other places in this State. He left no lineal descendants. The defendant "is extremely extravagant, wasteful, and is now in possession, under the pretended administration aforesaid, of all the estate real and personal of said J. B. Crawford, deceased; and notwithstanding said property is worth in the neighborhood of $150,000, she has not given bond and security as required by law. She has only executed a bond as such administratrix in the sum of $20,000,  .   .   and, notwithstanding this fact, she petitioned the ordinary of said county, setting up that the estate was greatly in excess of $20,000, but that the whole of the estate was coming to her, and therefore asking the court to allow her to give a bond in the sum of $20,000, in place of giving a bond as required by law, as such administratrix, in double the amount of the value of the property of said decedent." Without authority of law the ordinary granted her petition and allowed her to execute a bond in the sum of $20,000. She is insolvent and not able to respond for any sum of money that may go into her hands, belonging to petitioners or to the other heirs of the decedent who are entitled to his estate. As administratrix she has advertised for sale practically all of the realty belonging to the estate of the decedent, and it will be sold unless the sale be restrained. The marriage between the decedent and the defendant, which was entered into a short time prior to his death, was void for the following reasons: "That on account of the advanced age, the feeble condition in both body and mind, the said J. B. Crawford was so insane as not to be able to contract marriage, all of which was well known to the said defendant in this case, and to more completely carry out her intention and purpose to bring about said marriage, in order that she might inherit his property, and knowing his feeble condition in body and mind, brought about said marriage, contrary to law, and knew at the time that said marriage took place that the said J. B. Crawford was drunk, and the drunkenness was brought about by the influence of the said Mrs. M. B. Savage, now Crawford, in order to get his consent, and to consum-.

mate the marriage, and while in this condition of drunkenness and feebleness of body and mind the marriage ceremony was performed. . . The said J. B. Crawford was drunk and in a drunken condition, and had been for some time before said marriage, and was then almost in a dying condition, and did die in a few days thereafter; and after he was married, as petitioners are informed and believe, the said pretended wife continued to buy and induce him to drink liquors to great excess, in order to carry out the main purpose of getting and possessing his property, which she successfully did, and he died, and she immediately took possession of his property of all description." If the property of the estate should be sold by the defendant as administratrix, it will not bring its true value, because those who might desire to purchase will be afraid of the title, because of the insufficiency of the bond given by the defendant as administratrix. Moreover, there is no necessity for such sale, as the property is divisible in kind among the heirs, and there are no debts of the deceased, "except what said administratrix has herself unlawfully contracted." The main purpose "of said sale by said pretended administratrix is to get the property sold and the money in her pocket, without complying with the plain provisions of the law in bringing said property to sale, and in this way defeat and defraud your petitioners out of their rights, interest, and property in said estate, and to place it in such a condition as they will lose the property entirely." The defendant is spending the money of the estate, converting the property to her own use, contracting debts and lawyer's fees in large amounts; and the property is of such character as to require some capable person to take charge of and preserve the same. By amendment to the petition it was charged, on information and belief, that the marriage between the defendant and the decedent was void, because at the time it took place she had a living husband or husbands from whom she had not been divorced. It was further charged, on information and belief, that the defendant, at the time she induced the decedent to marry her, was of bad repute, and engaged one Eick, of Florida, to aid her in getting the decedent to marry her, promising to pay Eick for so doing. For the reasons stated it was alleged that the marriage was void. The prayers were, that the marriage be "set aside" and decreed to be void; that the right and interest of the petitioners in the estate of the decedent be

established; that the defendant as administratrix be enjoined from any sale; that a receiver be appointed for the property of the estate; for process, and general relief.

*Scott & Davis* and *J. S. James,* for plaintiff.

*R. R. Arnold, Burton Smith, Rosser & Brandon,* and *Dorsey, Brewster, Howell & Heyman,* for defendant.

FISH, C. J. (After stating the facts.) The petition was dismissed on general demurrer. In order to sustain this judgment it must appear that plaintiffs were entitled to no equitable relief for which they prayed. It would not be sufficient that they were not entitled to have all of their prayers granted. The general rule is that equity will not interfere with the regular administration of estates, except upon the application of the representative for instruction, direction, or the marshaling of assets, "or upon application of any person interested in the estate, where there is danger of loss or other injury to his interests." Civil Code, § 4596. The clause quoted plainly indicates that there may be equitable jurisdiction in the events there specified. In the present case there were no specific allegations or prayers to authorize the setting aside of the grant of administration as fraudulent. The petition therefore must be considered irrespective of the appointment, leaving it to stand. The plaintiffs alleged, that the defendant was the administratrix of Crawford, that she had represented herself as the sole heir and beneficiary, and on that basis had been permitted to give a small bond, which was entirely disproportionate to the estate; that individually she was insolvent and unable to answer to any judgment against her; that there were no creditors of the intestate; and that she was proceeding to administer the property so as to sell and convert into cash practically all of the land and to deliver the assets to herself as the sole heir. They further alleged that she was not the lawful wife of the intestate, because she had taken him while he was old, feeble, and mentally incapable of contracting marriage, gotten him drunk for the purpose, and fraudulently caused him to enter into a marriage with her while in that condition, and that she had kept him under the influence of liquor until he died, thus perpetrating a fraud. They further alleged, on information and belief, that the defendant had a living husband or husbands undivorced at the time of the marriage, and that it was therefore bigamous and void. They alleged that, with this fraud-

ulent marriage out of the way, they were heirs of the decedent and entitled to share in the distribution of his estate. They prayed, that it be decreed that the marriage of the intestate was void, that their rights and interests in the estate be established, that the administratrix be enjoined from disposing of the estate, that for the purpose of protecting their rights a receiver be appointed, and that they have general relief. Construing the allegations and prayers of the petition reasonably, they set up an interest in the estate of the decedent and a right to share therein; danger of loss; inability to protect such rights by the ordinary legal methods of procedure, by reason of the fraudulent conduct and insolvency of the defendant; and an effort to have a decree rendered which will establish their rights and cause their interest to be delivered to them. It appears from the allegations that it would not be sufficient for them merely to apply to the ordinary for a settlement, because there is an inadequate bond, and insolvency on the part of the administratrix, who is proceeding to convert the estate to her own use. Should they apply to the ordinary to have the bond increased, they would be at once met with the statement that she is the wife and sole heir, and so long as the marriage stands they are not heirs, and have no right to be protected, as such, by an administrator's bond. Civil Code § 3949, referring to cases where no bond has been given, does not furnish ample relief under the facts of this case; nor does § 3978, which provides for cases where the administrator or his sureties become insolvent. Thus, in order to assert any rights at all, or to have them protected, it is necessary for the plaintiffs to call in question the marriage, and have it declared invalid as against their rights. Seeking to improve the branches of the administration would do them no good. Before they can ever successfully set up rights or have them protected, they must go to the very inception of the transaction and attack the alleged fraudulent and invalid marriage. Fraud is peculiarly a matter of equitable cognizance. That persons claiming to be heirs and seeking to recover an interest in an estate as such may attack the marriage of the decedent as void is held in *Medlock* v. *Merritt,* 102 *Ga.* 212 (29 S. E. 185). If the marriage was not only fraudulent but entered into by one incapable of contracting, or was bigamous, it would be void. It is true that where a suit is brought by alleged heirs to recover property, and the defendant claims title

by marriage with the decedent, the marriage may be attacked by showing incapacity, without the necessity of having a decree setting it aside; but in the present case the plaintiffs alleged that it would not be sufficient merely to seek to recover an interest in the estate according to the ordinary legal methods, because of the identity of the administratrix with the pretended wife of the decedent, and because of her insolvency, and her proceeding as administratrix, though under an insufficient bond, to dispose of the estate. In view of the whole case, we think the allegations are sufficient to withstand a general demurrer, and that it was error to dismiss the petition.          *Judgment reversed. All the Justices concur.*