25130. BALLARD, administrator, *v.* ZACHRY, administrator.

STEPHENS, J. 1. Where a judgment in favor of "A. C. Zachry, as administrator of estate of Mrs. M. S. Foster" against "M. G. Ballard as executor of the estate of Mrs. Pauline F. Ballard," in a sum "to be collected out of the assets of her estate," is attacked by an affidavit of illegality sworn to by a person as attorney in fact and attorney at law "for M. G. Ballard, administrator of estate of Mrs. Pauline F. Ballard," and where a motion for new trial, excepting to a verdict and judgment rendered on the trial of the issue formed by the affidavit of illegality, is brought by "M. G. Ballard, administrator of estate of Mrs. Pauline Ballard," against "A C. Zachry, administrator de bonis

non cum testamento annexo," a bill of exceptions brought in the name of "M. G. Ballard, administrator," as the plaintiff in error, against "A. C. Zachry, administrator," as the defendant in error, wherein it is recited that the case in the court below was "M. G. Ballard, administrator of the estate of Mrs. Pauline Ballard vs. A. C. Zachry, administrator de bonis non cum testamento annexo, . . being an action of illegality," is a bill of exceptions brought in the name of the parties in the court below; and the bill of exceptions and writ of error are not subject to a motion to dismiss on the ground that the parties named in the bill of exceptions are not the same parties "as litigated in the court below." *Fussell* v. *Dennard*, 118 *Ga.* 270 (4) (45 S. E. 247).

2. While a bill of exceptions should be certified by the judge who rendered the judgment complained of, unless the judge is dead, a bill of exceptions and writ of error will not be dismissed on the ground that it does not appear the bill of exceptions was signed and certified by the judge whose judgment is complained of, where the name of the judge whose judgment is complained of does not appear in the bill of exceptions, but where in the record it does appear affirmatively that the judge who certified the bill of exceptions rendered the judgment complained of.

3. It is only an administrator or executor who stands in the relationship to the court of ordinary of an officer of that court, such as an executor or administrator before he has been discharged, who may be called to an accounting in the court of ordinary as respects his acts in the management of the estate, as is provided in the Code, §§ 113-1229, 113-2201, and other provisions of law relative to an accounting by executors and administrators in the court of ordinary. *Cook* v. *Weaver*, 77 *Ga.* 9. On the death of a coexecutor the right to administer the estate automatically becomes vested in the surviving executor, and the representative of the deceased executor is not a representative of the estate which was represented by the deceased executor, and therefore is not an officer of the court of ordinary as respects the estate represented by the deceased coexecutor. Code, § 113-1231; *Jepson* v. *Martin*, 116 *Ga.* 772 (43 S. E. 75). Therefore the court of ordinary has no jurisdiction to call for an accounting from the executor or administrator of the deceased coexecutor for the acts of the deceased coexecutor as coexecutor of the estate which the deceased represented. The authority given to an administrator de bonis non to call to an accounting an executor or administrator of his deceased predecessor is contained only in the act of 1845 (Ga. L. 1845, p. 15), as partially codified (Code of 1933, § 113-2204). *Bowers* v. *Grimes*, 45 *Ga.* 616. Since an administrator de bonis non is necessarily a successor to an administrator or executor whose commission has expired by death, removal, or otherwise, this act gives to the administrator de bonis non the right to an accounting only from executors and administrators who have been removed. A representative of a deceased coexecutor, who was not the representative of the estate which the deceased coexecutor represented, is not, as to the estate represented by the administrator de bonis non, an officer of the court of ordinary. Since the act of 1845 provides for an accounting to an administrator de bonis non from persons who are not officers of the court of ordinary, as respects the estate which the administrator de

bonis non represents, and as they are not amenable to an accounting in the court of ordinary, the act of 1845, which does not provide in what court such accounting therein provided for may be made, will be construed as not authorizing an accounting in the court of ordinary. See *Shorter* v. *Hargroves*, 11 *Ga.* 658; *Bailey* v. *McAlpin*, 122 *Ga.* 616, 627 (50 S. E. 388); *Collins* v. *Henry*, 155 *Ga.* 886 (118 S. E. 729). Therefore the court of ordinary has no jurisdiction of proceedings for an accounting brought by an administrator de bonis non against a former representative of the estate.

4. A proceeding in the court of ordinary, brought by an administrator de bonis non cum testamento annexo against the executor or administrator of a deceased coexecutor of the estate represented by the plaintiff (the other coexecutor having been removed), for an accounting to the plaintiff by the estate represented by the defendant, is not within the jurisdiction of the court of ordinary; and a judgment thereon for the plaintiff against the defendant is a nullity, and is subject to attack on this ground by affidavit of illegality by the defendant. On the trial of an issue made by such affidavit of illegality which is based on the ground that the judgment is void in that the court of ordinary which rendered it had no jurisdiction, the verdict and judgment for the plaintiff and against the affidavit of illegality is without evidence to support it and is contrary to law. The court erred in overruling the defendant's motion for new trial.

*Judgment reversed. Jenkins, P. J., concurs. Sutton, J., concurs in the judgment.*

DECIDED JULY 9, 1936.

*Alton B. Hollis, R. C. Whitman,* for plaintiff in error.
*Emerson H. George,* contra.