DECIDED JUNE 7, 1944. REHEARING DENIED JUNE 28, 1944.

*O. C. Hancock, John H. Hudson,* for plaintiff.

*Heyman, Howell & Heyman, W. E. Armistead,* for defendant.

FELTON, J. The superior court, on appeal from the court of ordinary, dismissed the petition of the administrator de bonis non which sought to require a removed administrator to account with the administrator de bonis non. The exception is to that judgment. The question has already been settled in principle. In *Cook* v. *Weaver,* 77 *Ga.* 9, 13, it was held that the court of ordinary had no such authority as to an executor who had been discharged. The court stated: "He is in no sense longer an officer of the court of ordinary, so as to be cited there to appear and answer in that capacity." To the same effect, see *Ballard* v. *Zachry,* 54 *Ga. App.* 101 (187 S. E. 139). It is contended by the plaintiff in error that the Code, § 113-2204, confers the authority on the court of ordinary. This section provides: "Whenever any executor or administrator shall have been removed or shall have departed this life, being liable to the estate, it shall be the duty of such removed executor or administrator, or his representatives, to account fully with the administrator de bonis non who may be appointed to finish the administration of such estate." This section is a codification of the act of 1845 (Cobb's Dig. 335). The purpose of this act was to give a right and create an obligation not existing at common law. *Bailey* v. *McAlpin,* 122 *Ga.* 616, 627 (50 S. E. 388). It must be strictly construed, and there cannot be read into it language conferring on the court of ordinary authority to require one not an officer of court to account with an administrator de bonis non. A removed administrator is no more an officer of court than a discharged administrator, and the cases cited control the question. The court did not err in dismissing the petition for citation.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*