24214.   ESTES, Executrix, et al. v. FIRST NATIONAL BANK OF GAINESVILLE, Administrator.

ARGUED SEPTEMBER 11, 1967—DECIDED OCTOBER 5, 1967.

*Raymond F. Schuder,* for appellants.

*Stewart, Sartain & Carey, Jack M. Carey, Ed Waller,* for appellee.

MOBLEY, Justice. (a) The first question presented is whether the defendant, as executrix of the estate of Charles Thompson Estes, who is alleged to have assets of the estate of Henry H. Estes which came into the possession of her husband in his capacity as executor of Henry H. Estes, is an officer of the court of ordinary and subject to be required to account to the petitioner, administrator de bonis non of the Henry H. Estes estate.

At common law, the administrator de bonis non had no right to call the administrator or executor of an estate to account for any part of the estate he had administered, but only for the assets in his hands remaining in kind so as to be identified as he received them when he took charge of the estate. *Giles v. Brown,* 60 Ga. 658, 659, and cases cited. See also *Bailey v. McAlpin,* 122 Ga. 616, 627 (50 SE 388). But by the Act of 1845 (Cobb's Dig. 335, now *Code* § 113-2204) the law was amended as follows: "Whenever any executor or administrator shall have been removed or shall have departed this life, being liable to the estate, it shall be the duty of such removed executor or administrator, or his representatives, to account fully with the administrator de bonis non who may be appointed to finish the administration of such estate."

However, it is contended here, under authority of *Ballard v. Zachry,* 54 Ga. App. 101 (3, 4) (187 SE 139), and *Ellis v. McWilliams,* 71 Ga. App. 336 (30 SE2d 796), and cases cited, that the executrix of the estate of Charles Thompson Estes is not an officer of the court of ordinary and can not, therefore, be required to account. With this contention we do not agree, as the defendant executrix is an officer of the court of ordinary as executrix of her husband's will, and is alleged to have possession of property of Henry H. Estes, which was in possession of her husband at the time of his death. She can be required to account to the administrator de bonis non for any of such property. *Code* § 113-2204 makes it the duty of a representative (the executrix here) of a deceased executor to account fully with the administrator de bonis non. In *Ellis v. McWilliams,* 71 Ga. App. 336,

supra, the administrator had been removed, and in *Ballard v. Zachry,* 54 Ga. App. 101, supra, the co-executor died and the right to administer the estate automatically vested in the surviving executor. Neither situation exists in this case.

(b) "While under *Code* § 113-2203 a court of equity has concurrent jurisdiction with the ordinary over the settlement of accounts of administrators, and under *Code* § 37-403 equity, upon the application of an interested person, will assume jurisdiction to prevent loss, yet the 1945 Constitution, Art. VI, Sec. VI, Par. I, vests in the ordinary jurisdiction of probate, and, hence, equity will exercise jurisdiction in such matters only when the available remedies at law are inadequate." *Hamrick v. Hamrick,* 206 Ga. 564 (58 SE2d 145).

The allegations that Charles Thompson Estes withdrew money from a trust fund created by a deed of trust dated March 28, 1947, executed for the benefit of Henrietta and Mary Helen Estes, and invested it in real estate to which he took title, and the prayer that the land be impressed with a trust in favor of the beneficiaries of the trust, states no cause of action for relief, as this deed was made many years before the death of Henry Estes, the property was not a part of his estate, and his administrator has no authority in the matter. Any cause of action would be in the beneficiaries of the trust and not in the representative of Henry H. Estes.

The allegations that Henry H. Estes owned certain stock at his death, that dividends were paid to his executor, who wrongfully withdrew the dividends for his own use, that the defendant is wrongfully concealing the stock, and that the petitioner is now receiving the dividends, do not require equitable relief. The dividends previously drawn may form the basis for an accounting, but not for injunction, as this has already happened. An accounting can be had in the court of ordinary for these unaccounted for dividends. The defendant by paying the dividends to the petitioner has recognized ownership in the Henry H. Estes estate, and the court of ordinary can require delivery of the stock to the petitioner, if the defendant has it.

(c) The facts alleged in the petition, as amended, do not state a cause of action for marshaling of the assets in equity, as

they do not meet the requirements of *Code* § 37-405, which provides: "In all cases where legal difficulties shall arise as to the distribution of assets in payment of debts, or where, from any circumstances, the ordinary process of law would interfere with the due administration, without fault on the part of the representative of the estate, a petition to marshal the assets shall be maintained at his instance."

(d) All of the relief sought in the petition to which the petitioner may be entitled can be had in the court of ordinary. Thus, there being a complete and adequate remedy in that court, the petition did not state a cause of action in equity, and the trial judge erred in denying the plea to the jurisdiction and in overruling the general demurrer for lack of jurisdiction.

*Judgment reversed. All the Justices concur.*