24997. KING v. KING, Executor, et al.

FRANKUM, Justice. 1. "An administrator or executor is a trustee invested with a solemn trust to manage the estate under his control to the best advantage of those interested in it;

and if he undertakes to sell the property of the estate, it is his bounden duty to do everything in his power to make it bring as large a price as possible." *Lowery v. Idleson,* 117 Ga. 778, 780 (45 SE 51). As such trustee he is bound to exercise the utmost good faith. While he is not absolutely prohibited by law from purchasing in his own name properties of his testator's estate, sales made by him to himself, not being absolutely void but merely voidable, are always on a showing of good cause subject to be set aside at the instance of interested heirs or others having a pecuniary interest in the estate, and unless they have, by lapse of time, ratified such transaction by failing to act to set them aside, they are open to attack. *Grubbs v. McGlawn,* 39 Ga. 672, 675 (2). These rules apply to sales by an executor to his wife just as they apply to sales to himself. *Hall v. White,* 215 Ga. 144 (1) (109 SE2d 516).

2. Therefore, where, as in this case, a legatee under a will, alleging fraud on the part of the executor in selling real property belonging to the estate at a price grossly less than its value, and further alleging a conspiracy on the part of the executor with the purchaser, the executor's wife, to defraud the plaintiff, the plaintiff's election to avoid the sale by the executor to the co-defendant, his wife, can only be exercised by a resort to equity in order to set aside such a sale. *Worthy v. Johnson,* 8 Ga. 236, 239 (52 AD 399). This is true because "rescission and cancellation are proper subjects of equitable cognizance, under general principles relating to equity jurisdiction." *English v. Little,* 164 Ga. 805 (2a) (139 SE 678). In summary, the plaintiff in this case, who seeks in one count of his complaint, on the grounds of fraud, the cancellation and rescission of a deed executed by the defendant executor conveying property belonging to the estate to the executor's wife, the other defendant, was authorized to seek the aid of a court of equity to accomplish such results.

3. The contention of the appellee that the complaint does not set forth the essentials necessary to authorize a court of equity to grant relief, in that it does not appear that the defendant executor is insolvent and could not be made to respond in damages is without merit. Solvency or insolvency is not involved in this case. As we have said, only a court of equity has the power to set aside and cancel a deed, and where, as alleged in this case, the deed was executed

pursuant to a fraudulent scheme to defraud the plaintiff and the other legatees, cancellation of the deed is the only complete and adequate relief against it. *Walker v. Hunter*, 27 Ga. 336, 339.

4. Since we have held that Count 2 of the complaint sets forth a claim upon which relief may be granted it necessarily follows that the dismissal of the complaint on motion was error. Count 1 seeks an accounting from the executor and Count 3 seeks to have the executor removed and a representative of the estate appointed in his place, and also seeks an accounting, an injunction against the defendants from making any further transactions with the assets of the estate and seeks to enjoin them from transferring any assets resulting to them from the estate, including but not limited to the 140 acres of real estate and dwellings situated thereon referred to in Count 2. The general rule, of course, is that ordinarily equity will not interfere with the regular administration of estates, even upon the application of an interested person except in those cases where there is danger of loss or other injury to his interests. *Code* § 37-403. One clear exception to this rule though, is where fraud has been or is being committed by the executor. In such cases it is deemed that the only complete and adequate remedy to which the heirs, legatees or devisees may be entitled can only be afforded by a court of equity. *Crawford v. Crawford*, 139 Ga. 535 (77 SE 826). In view of the nature of the relief sought and under the liberal rules respecting joinder of claims under the Civil Practice Act (*Code Ann.* § 81A-118), we think the ends of orderly procedure and justice would best be served by permitting all of the plaintiff's claims against the executor to be litigated in one suit in the superior court. It is therefore appropriate that upon the trial of the case, if the plaintiff shows meritorious cause, the superior court would be authorized to take such action with respect to the administration of the estate as would ensure that the rules of law be followed and that the plaintiff have such full and complete accounting as he may be entitled to under the law respecting the administration of estates.

5. The trial court did not err in overruling the plaintiff's motion for a summary judgment. The affidavit attached to the motion which dealt with an alleged offer of the affiant to the testator during his lifetime to buy the property for a

stated price, even if it be considered competent evidence was insufficient as proof of the actual value of the property at the time of the sale.

*Judgment affirmed as to the order denying a summary judgment; reversed as to the order dismissing the complaint for failure to state a claim. All the Justices concur.*

SUBMITTED JANUARY 13, 1969—DECIDED FEBRUARY 20, 1969.

*Reuben M. Word, Aubrey Duffey,* for appellant.
*Don Howe,* for appellees.