26597. WOMBLE et al. v. WOMBLE et al.

UNDERCOFLER, Justice. Donald Lee Womble and Brenda Elizabeth Womble, minors, by and through their next friend, W. S. Helms, filed a complaint as third-party beneficiaries of a parol contract against Annie Terrell Womble, in her capacity as the duly appointed administratrix of the estate of Mrs. Lizzie Lou Womble Butts. The complaint alleged that James C. Womble, the father of said two minor complainants, entered into a parol contract with his sister, Lizzie Lou Womble Butts, under which contract the said James C. Womble agreed to construct a home for the said sister in return for her agreement to devise said home and the land on which it was situated to the complainants. The complaint further alleged full performance of the parol contract by their father and the failure to perform said contract by the decedent. The complaint sought specific performance of the parol contract, an ex parte restraining order, and a temporary

injunction enjoining the defendant from changing, in any way, the legal status of the title to the real estate, and sought general relief.

The trial court restrained the administratrix from changing the legal status of the real estate in any way.

The administratrix filed various defenses and motions to the complaint. The complainants and James C. Womble filed various motions in the case.

Subsequently Owen J. Adams, the attorney for the administratrix, filed a motion to intervene in the proceedings on behalf of the administratrix in her individual capacity against herself in her representative capacity and sought a judgment against herself as such administratrix. Her intervention sought judgment against the estate in the amount of $5,154.04. The intervention showed that $1,458.24 was for the payment of certain purported debts of the estate and the balance of it was for her time in transporting the intestate to the hospital, nursing and caring for her, and for attending the court of ordinary.

Owen J. Adams also filed motions on behalf of Dewey Lee Womble and his wife to intervene as parties and sought a judgment in the amount of $710 against his client in her representative capacity for their time in transporting the intestate to hospitals and doctors and for their meals and expenses in connection therewith.

The complainants filed certain motions which were joined in by James C. Womble, who is sought to be made a party by the defendants, and who is an heir at law of the intestate. The motions assert that Owen J. Adams should be disqualified in the case to represent the administratrix of the estate in her representative and individual capacities and to represent Dewey Lee Womble and his wife because such representations would constitute conflicting interests by said attorney and would, if allowed to proceed, result in a miscarriage of justice.

The defendant in her capacities as administratrix and as an individual, and Dewey Lee Womble, and his wife, responded to the motions.

The trial court granted the motions of the complainants and disqualified Owen J. Adams as attorney for the defendant and the intervenors and certified the order for immediate review to this court. *Held:*

1. The appellants contend that the trial court erred in granting the motions of the complainants to disqualify Owen J. Adams as attorney for the defendant and the intervenors. They contend that their motions to dismiss the complainants' motions should have been granted; that the interventions were filed at the express direction of the administratrix; that any disqualification was waived by such action; and that such an objection is personal to the parties being represented by such an attorney and cannot be raised by an adverse party.

The appellees argue that the question is not whether the administratrix can collect from the estate a debt due her but whether the attorney who is paid to represent the estate can simultaneously, with the consent of the administratrix, sue the estate for money judgments, not only for the administratrix personally but for the other creditors as well. The appellees argue that the contention of the intervenors that their claims have a higher priority than the complainants' claim is without merit and that the allowance of their claims would diminish the property out of which the complainants' claim and the claim of James C. Womble as an heir at law could be satisfied.

The record shows that the administratrix is the sister of the intestate and the other intervenors are the brother and sister-in-law. Except for purported debts of the estate, their claims against the estate of the intestate are for personal services and expenses incurred during the last illness of the intestate. In 2 Redfearn on Wills, 34, § 281, it is said: "Often claims against an estate for services rendered the decedent are by children or other near relatives. In the normal course of human affairs where one person renders a service valuable to another which is accepted by the latter, he does so either under an express

or implied promise of the recipient to such service to pay for the service, or the service is rendered gratuitously. Among members of a family group the services of one member in caring for another member are presumed to have been gratuitously rendered. This presumption, however, may be rebutted by proof. . ." "An attorney is by virtue of his office disqualified from representing interests which are adverse in the sense that they are hostile, antagonistic, or in conflict with each other." 7 CJS 823, § 47. Rule 3-106 of the Canons of Professional Ethics of the State Bar of Georgia provides: "It is unprofessional to represent conflicting interests, except by express consent of all concerned given after a full disclosure of the facts. Within the meaning of this canon, a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose." 219 Ga. 888.

Under the facts of this case, appellees' motion was authorized and the trial court properly held that Owen J. Adams was disqualified to represent said parties.

2. The appellants contend that the trial court erred in considering these motions of the complainants because the appellant administratrix had previously filed certain motions which would have concluded the litigation if they had been sustained by the trial court.

There is no merit to this contention. The order of the trial court shows that these motions of the complainants were heard by the court by mutual agreement of the parties.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 12, 1971—DECIDED SEPTEMBER 8, 1971.

*Owen J. Adams,* for appellants.

*Adams & Barfield, Ronald Barfield, Richard T. Bridges,* for appellees.