27160.   RAY et al. v. BENEVENTI et al.

ARGUED APRIL 11, 1972—DECIDED JUNE 15, 1972.

*Dan S. Beeland, Byrd, Groover & Buford, Denmark Groover, Jr., Garland T. Byrd,* for appellants.

*Kelly, Champion, Denny & Pease, Forrest L. Champion, Jr., Ray L. Allison,* for appellees.

MOBLEY, Chief Justice. This appeal by Mrs. Marjorie Stokes Ray is from an order disqualifying her as executrix from representing the estate of her deceased husband, Joseph S. Ray, in pending litigation against her individually and as executrix of the estate; disqualifying her attorneys from representing her in her capacity as executrix of the estate; and appointing a guardian ad litem to represent the estate. Certificate for immediate review was filed.

Error is enumerated on this order, and on a previous order denying the appellant's motion to dismiss the complaint.

■ We consider first the sufficiency of the complaint to state a claim on which relief could be granted.

Mrs. Gloria Ray Beneventi, as beneficiary of the trust created by the will of Joseph S. Ray, and as next friend of beneficiaries under the trust and the estate, brought the action against Mrs. Ray, as executrix, individually, and as a nominated co-trustee, International Business Machines Corporation (IBM), and others.

Mrs. Ray is serving as executrix without bond under the will of Joseph S. Ray. The will made several bequests of money. It gave the accounts receivable and other property owned by the deceased in his law partnership to Mrs. Ray.

It provided that $500 per week be paid to her, and that $150 per week be paid to their daughter, Sallie Jo Ray Allen, while the daughter, her husband, or either of them, is attending college. The bulk of the estate is placed in trust, with the Columbus Bank & Trust Company and Mrs. Ray named as co-trustees. The trustees are required to pay $500 per week to Mrs. Ray for life. The remaining yearly income of the trust is to be divided between the plaintiff, Mrs. Beneventi, a daughter of the testator by a former marriage, and Sallie Jo Ray Allen, to a limit of $9,000 each. After the death of Mrs. Ray, one-half of the trust property is to be given to Mrs. Beneventi.

The complaint alleges numerous acts of mismanagement of the estate by Mrs. Ray, and the wrongful conversion of assets of the estate to her personal use. It alleges that she is insolvent.

The appellant asserts that equity will take jurisdiction in matters relating to the administration of an estate only where the available remedies in the court of ordinary are inadequate, and contends that the relief sought in the present complaint could be obtained by an accounting in the court of ordinary.

Some of the charges of mismanagement against the appellant could be settled by an accounting before the ordinary, and he could require her to give bond if he found that she had mismanaged the estate. Several of the charges made in the complaint could not be determined by the ordinary.

The complaint alleges that the appellant has made a wrongful claim to 660 shares of IBM stock and has caused these shares to be transferred to her personally. It is alleged that IBM transferred this stock with knowledge that it was the property of the estate. The aid of a court of equity is prayed to require IBM to retransfer the stock to the estate. Punitive damages against IBM are sought for the alleged wilful tort in transferring the stock to Mrs. Ray. These matters could not be decided in the court of ordinary.

The complaint alleges that in 1950, Mr. Ray executed a

deed to Mrs. Ray pursuant to an alimony action brought by her; that they subsequently resumed cohabitation, which continued until his death; and that declaratory judgment should be rendered as to whether this property belongs to the estate. The question of the title to this property could be determined only in the superior court.

The complaint alleges deliberate delay by Mrs. Ray in concluding the administration of the estate, and setting up the trust provided by the will, for the purpose of preventing the plaintiff from receiving the income to which she is entitled under the trust. "Trusts of every kind, not generally cognizable at law, are peculiarly subjects of equity jurisdiction." *Code* § 108-117.

Construction of the will is necessary to determine many questions made by the allegations of the complaint. The ordinary can not determine these questions. He could transfer them to the superior court under *Code Ann.* § 113-1423 (Ga. L. 1943, pp. 409, 414), but since there are other questions in the case which must be tried in the superior court, it would expedite the whole matter to have these questions decided with the others which must be tried in the superior court. See *Brewton v. McLeod,* 216 Ga. 686, 695 (119 SE2d 105).

The appellant relies on *Hamrick v. Hamrick,* 206 Ga. 564 (58 SE2d 145); *Turner v. Turner,* 210 Ga. 586 (82 SE2d 137); *Gaines v. Johnson,* 216 Ga. 668 (119 SE2d 28); *Townsend v. Townsend,* 221 Ga 446 (145 SE2d 247); and *Estes v. First Nat. Bank,* 223 Ga. 653 (157 SE2d 449). It should be noted that these cases were all decided under the rules of practice and procedure in which the allegations of the petition were construed most strongly against the pleader.

The case of *Estes v. First Nat. Bank,* 223 Ga. 653, supra, dealt with allegations that an executor had wrongfully withdrawn stock dividends belonging to an estate, and wrongfully concealed the stock, but there was no allegation that the stock had been transferred to the personal ownership of the executor. The other cases are not in point on their facts with the present case.

The trial judge did not err in holding that the complaint stated a claim in a court of equity for some of the relief sought, and the plaintiff should have a full and complete accounting in such litigation. *King v. King,* 225 Ga. 142 (4) (166 SE2d 347).

■ There is no merit in the contention that the complaint should be dismissed because the nominated co-trustee, Columbus Bank & Trust Company, was not made a party. Since the trust has not been implemented, this nominated co-trustee has not participated in any of the matters involved in the litigation, and no relief is prayed or needed against it.

■ The complaint was brought against Mrs. Ray as executrix and in her individual capacity. None of the allegations asserted a claim against the estate, but all of the relief sought pertained to charges of mismanagement and wrongful acts of Mrs. Ray.

In his will Joseph S. Ray required that his executrix retain Beverly R. Keil as her attorney as long as she remains executrix. Mrs. Ray has employed other counsel to defend her in this litigation.

At the conclusion of the litigation, if it should be determined that the conduct of the executrix in mismanaging or defrauding the estate brought about the litigation, she will not be entitled to compensation from the estate for attorney's fees to defend herself against these wrongful acts. *Ross v. Battle,* 113 Ga. 742, 745 (39 SE 287); *Armstrong v. Boyd,* 140 Ga. 710, 712 (79 SE 780). Should it appear on the final trial that the charges made were unjust, then reasonable compensation for her attorneys would be allowed from the estate. *Clements v. Fletcher,* 161 Ga. 21, 50 (129 SE 846).

The trial court properly held that, under the pleaded facts, the interest of Mrs. Ray in the litigation was antagonistic to that of the estate of Joseph S. Ray. The trial judge, therefore, did not err in disqualifying Mrs. Ray and her attorneys from representing the interest of the estate in the litigation. *Womble v. Womble,* 228 Ga. 10, 12 (183 SE2d 747).

Since the interest of the estate was without representation in the litigation it was not error for the judge to appoint a guardian ad litem to represent the estate. *Thornton v. Thornton,* 209 Ga. 784 (1) (75 SE2d 749).

*Judgment affirmed. All the Justices concur.*