37813, 37814. POWELL et al. v. THORSEN et al.; and vice versa.

JORDAN, Chief Justice.

This is a multi-count suit against the co-executors of the wills of Lura A. Lester and James T. Lester. The trial court dismissed the amended complaint and dismissed the executors' counterclaim asking for a construction of certain items of the will.

The appellants (Case No. 37813) assert that the court erred in holding that there was an adequate remedy at law and that the probate court, rather than the superior court had jurisdiction. The cross appellants (Case No. 37814) contend that the court erred in holding that Lura's will did not require a construction.

The basic facts of this case are somewhat complex. Lura A.

Lester and James T. Lester were husband and wife. Lura Lester died on July 18, 1977 leaving a will which devised specific property to her husband James and which left the remainder of her estate to the appellants as named beneficiaries. James T. Lester was appointed and qualified as the executor of his wife's estate, and he acted as such until his death on February 3, 1979. Then, on February 9, 1979, the defendant-appellees Thorsen and Register were appointed co-executors of James Lester's estate, and on April 2, 1979, were appointed co-executors of the will of Lura Lester by operation of law. Thorsen is also a beneficiary under James Lester's will.

On July 9, 1980, the appellants were presented with an accounting by the appellees. Subsequently, on March 9, 1981, the appellants filed suit in Muscogee Superior Court against the appellees as executors and as individuals alleging that there was fraud, mismanagement of funds, and conversion in relation to Lura's estate. The appellees responded denying appellants' allegations and praying for construction and direction as to certain items of Lura's will. After considering the issues raised by the pleadings and motions of both parties, the trial court ordered its dismissal.

The main issue here is whether the superior court, a court of legal and equitable jurisdiction, has jurisdiction over the claims of the appellants and appellees. Since there has been no evidence offered, we must base this decision upon the pleadings in determining what court should hear them.

Generally, a court of equity (the superior court) will not interfere with the administration of estates. Georgia Code Ann. § 37-403. However, a court of equity may assume jurisdiction over matters relating to the administration of estates in three circumstances: (1) upon the application of the representative for construction or direction; (2) upon the application of the representative for the marshalling of assets, or (3) upon the application of any person interested in the estate where there is danger of loss or other injury to his interests. Georgia Code Ann. § 37-403. This general rule applies to all interferences by a court of equity with the administration of estates.

In addition, Georgia Code Ann. § 113-2203 grants courts of equity concurrent jurisdiction with probate courts over the settlement of accounts of administrators. As the settlement of accounts is one aspect of the administration of estates, this concurrent jurisdiction may only be exercised when one of the conditions imposed by § 37-403 is met. See, *Hamrick v. Hamrick,* 206 Ga. 564, 566-569 (58 SE2d 145) (1950).

Finally, because Georgia Code Ann. § 2-3501 (Ga. Const. Art. VI, Sec. VI, Par. I) vests constitutional jurisdiction of the administration

of estates in the probate courts, it has been held by this court to impose a further condition as to when a superior court can exercise jurisdiction over the administration of estates. These cases have held that equity can only exercise its concurrent jurisdiction over the administration of estates when complete and adequate remedies at law are unavailable. *Hamrick v. Hamrick,* supra; *Vowell v. Carmichael,* 235 Ga. 387, 389 (219 SE2d 732) (1975).

We now look to the pleadings of the parties to see what issues were raised.

In Count I the appellants assert that Lura Lester owned two pieces of realty in Muscogee County; that the property was sold and the monies collected therefrom were deposited in a bank account purporting to be a joint account with James Lester; that James, in violation of trust reposed in him as executor converted the monies in this account by transferring the monies to an individual account in his name.

The appellants thus raised the issue of whether James converted these funds creating the joint account and, if not, of whether he converted them after her death by transferring them to his individual account. A determination of this issue may require construction of Lura's will. The appellees assert such a construction may be necessary, and we agree. The issues of conversion, ownership, and construction of the will can only be fully determined in the superior court. Consequently, there are no adequate remedies at law. *Ray v. Beneventi,* 229 Ga. 209, 212 (190 SE2d 514) (1972). In addition, the plaintiffs had adequately asserted the danger of loss. See *McCord v. Walton,* 192 Ga. 279 (14 SE2d 723) (1941).

Count II of the complaint likewise involves charges of conversion and or misapplication of specific funds.

Count III of complaint alleges that Lester and the co-executors fraudulently purchased all of the personalty of Lura Lester's estate for an inadequate price thereby denying the benefit of such property to the appellants who contend the personalty should be passed to them under Item VI of the will. Appellants assert that such sale is voidable and should be set aside as fraudulent. This claim is cognizable in a court of equity and should be heard in a court of equity to determine if the sale should be set aside. See *King v. King,* 225 Ga. 142, 143 (166 SE2d 347) (1969).

In Counts IV and V of their complaint the appellants assert some claims that are cognizable in superior court (i.e., Count IV — appellants pray for cancellation of a deed relating to a purported gift of certain realty) and some that are generally only heard in a probate court (i.e., matters relating to an accounting). However, after determining that the appellants' complaint in Counts I-III and the

appellees' answer requesting construction and direction state claims that should be heard in the superior court, it follows that the dismissal of the case was error and that the remaining issues of the parties should be decided in one forum so as to avoid multiplicity of suits and to expedite complete justice. See *Brewton v. McLeod,* 216 Ga. 686, 698 (119 SE2d 105) (1961); *King v. King,* 225 Ga. 142, 144 (166 SE2d 347) (1969); *Ray v. Beneventi,* 229 Ga. 209, 212, supra.

*Judgment reversed and case remanded. All the Justices concur, except Weltner, J., not participating.*

DECIDED JANUARY 6, 1982.

*Sprouse, Tucker & Ford, William L. Tucker, Charles J. King, Hatcher, Stubbs, Land, Hollis & Rothschild, Joseph L. Waldrep,* for appellants.

*Forrest L. Champion,* for appellees.