# Richmond.

## HOFHEIMER v. SEABOARD CITIZENS' NATIONAL BANK OF NORFOLK.

January 15, 1931.

Absent, Prentis, C. J., and Campbell, J.

Holt, J., delivered the opinion of the court.

This case was heard and decided by this court on June 12, 1930. On the bank's petition a rehearing was allowed and upon that rehearing this court is of opinion to adhere to its former judgment.

■ We have heretofore pointed out that the bank upon consolidation took only what the Federal statute gave. In *Ex parte Worcester County Nat. Bank*, 279 U. S. 347, 49 S. Ct. 368, Chief Justice Taft said:

"It is very clear to us that Congress, in the enactment of section 3 of the act of February 25, 1927, was anxious even to the point of repetition to show that it wished to avoid any provision in contravention of the law of the State in which the State trust company and the national bank to be consolidated were located. So strongly manifest is this purpose that we do not hesitate to construe the effect of section 3 in Massachusetts to be only to transfer the property and estate from the trust company to the national bank to be managed and preserved as the State law provides, for administration of estates, and not to transfer the office of executor from the State trust company to the succeeding national bank."

■ The "rights" of one named as executor in a will while the testator is yet alive are neither property nor estate.

It is perfectly clear that the Virginia legislature in its act of March 27, 1928 (Acts 1928, page 1304,

chapter 507), attempted to confer no such right as the bank is now claiming nor can any legislation passed subsequent to the consolidation change the situation. These rights, such as they were, became fixed as of that date.

■ Moreover, the doctrine of survivorship in the case of executors obtains in Virginia and this is true even though it should be conceded that Code sections 5160 and 5385 do not apply. It is part of our general law which the Federal statute does not undertake to and cannot override. Schouler on Wills, Executors and Administrators (6 ed.), sections 2235 and 2241; Williams on Executors, pages 911 and 283, where, citing 1 Roll. Abr. 907, pl. 6, it is said: "If there are several executors, they must all duly renounce, before administration with the will annexed can be granted."

■ When Hofheimer died the State bank either was or was not in existence. Our statute provides that it should remain alive for three years to wind up its affairs but not for the purpose of taking on new business. If it were alive then both of the executors named in Hofheimer's will were alive and the fact that one of them was prevented by statute from qualifying did not change the situation or alter the law of survivorship. If it were not alive and had been succeeded by a corporation not named in the will, that corporation, if permitted to qualify at all, would qualify as administrator, c. t. a.

"An executor is one to whom another man commits by his last will the execution of that will and testament.

"An administrator is a person authorized to manage and distribute the estate of an intestate, or of a testator who has no executor." Bouvier's Ex'ors and Adm'rs.

In such a case we would have this unusual situation, we would have an estate administered not by joint executors, but by an executor and an administrator.

We are of opinion that our former decision is correct and it is affirmed, the result of which is to reverse the judgment of the court below and it is so ordered.

*Reversed.*