Present: Carrico, C.J., Compton,* Lacy, Hassell, Keenan, Koontz,
and Kinser, JJ.

TEDDY WAYNE BOLLING, CO-ADMINISTRATOR OF
THE ESTATE OF TED GUY BOLLING, DECEASED

        OPINION BY JUSTICE A. CHRISTIAN COMPTON
v. Record No. 990818       March 3, 2000

LUCIANO D'AMATO, M.D.

FROM THE CIRCUIT COURT OF WISE COUNTY
J. Robert Stump, Judge

In this civil action brought under the Death by Wrongful
Act statutes for alleged medical malpractice, the dispositive
question is whether the appointment of a so-called "co-
administrator," for purpose of bringing the action on behalf of
the decedent's estate, was void.

On August 26, 1993, Ted Guy Bolling came under the care of
appellee, Luciano D'Amato, M.D., in Wise County as the result of
injuries allegedly received in a logging accident. Bolling died
later that day.

On September 2, 1993, the clerk of the court below
appointed Betty Chloe Bolling, the decedent's widow, as
administrator of the intestate's estate. She duly qualified as
the personal representative, giving bond in the penalty of
$50,000.

---

* Justice Compton participated in the hearing and decision of
this case prior to the effective date of his retirement on
February 2, 2000.

On August 21, 1995, a judge of the trial court (not the judge who ultimately presided over the dispute that is the subject of this appeal) entered the order that is the focus of this controversy.  The order, entered under the style "Teddy Wayne Bolling, Petitioner, vs: In re:  The Estate of Ted Guy Bolling, Deceased," provided:

> "This action came upon motion of Teddy Wayne Bolling to be appointed co-administrator for the exclusive purpose of bringing a legal action for the benefit of the estate.
>
> "By agreement of the parties, the Court does ORDER that Teddy Wayne Bolling is appointed co-administrator of the estate of Ted Guy Bolling for the exclusive purpose of bringing legal action on behalf of the estate.
>
> "In that this appointment is for an exclusive purpose, it is ORDERED that Betty Chloe Bolling retains the exclusive authority to administer the estate of Ted Guy Bolling, and that this Order confers no power upon Teddy Wayne Bolling for the administration of the estate.
>
> "Should there be any administrator's fee associated with the prosecution of the anticipated legal action on behalf of the estate, said fee shall be divided equally between the co-administrators."

The order was endorsed "Requested" by an attorney for Teddy Wayne Bolling, the decedent's son, and "Seen" by an attorney for Betty Chloe Bolling.

On August 23, 1995, the present action was filed by appellant "Teddy Wayne Bolling, Co-Administrator of the Estate of Ted Guy Bolling" as plaintiff.  The motion for judgment

2

alleged the defendant breached the applicable standard in caring for the decedent and caused his death.

Responding, the defendant filed a motion to abate. <u>See</u> Code § 8.01-276 (abolishing pleas in abatement but allowing any defense heretofore permitted to be made by such plea, including lack of subject matter jurisdiction, to be made by written motion).

The motion assigned two grounds: (1) that plaintiff had "no right or standing to bring this action" because the order appointing the "co-administrator" was "contrary to Virginia law, null and void"; and (2) that, even if plaintiff was properly appointed as administrator of the estate, "plaintiff has no right or standing to bring this action without the other co-administrator joining in the action."

On March 6, 1996, the same judge who entered the August 21, 1995 order entered an order under the style "Betty Chloe Bolling, Plaintiff, vs. Teddy Wayne Bolling, Defendant." The order recited that Betty Chloe Bolling requested she be allowed to withdraw as administrator of the estate "in favor of appointing an independent administrator, namely Walter Rivers, as to fulfill the duties as the Administrator of the Estate of Ted Guy Bolling."

The order allowed the withdrawal and appointed Rivers "as the acting Administrator" of the estate. The order was endorsed

"I ask for this" by Betty Bolling's attorney and as "Seen" by the attorney for Teddy Wayne Bolling and by Rivers individually.

On July 15, 1998, under the style of the wrongful death action, the plaintiff filed a motion "for leave to amend the pleadings to add as a party plaintiff Walter Rivers, co-administrator of the estate of Ted Guy Bolling."

Following a hearing and argument of counsel on the motion to abate, the trial court granted the motion, abated the action, and dismissed it from the docket.  The court did not rule on the motion to amend the pleadings.  We awarded the plaintiff this appeal from the December 1998 final order.

On appeal, the plaintiff assigns two errors.  He contends the trial court erred (1) by granting the motion to abate and by finding that he lacked standing to bring this action, and (2) by refusing to substitute Rivers as a party plaintiff.  We do not reach the second contention because the trial court did not rule on that issue, and the plaintiff has not assigned error to the court's alleged inaction.  Rule 5:17(c).

Regarding the first contention, we do not agree with the plaintiff that the trial court erred.  The case turns upon the validity of the August 21, 1995 order, purportedly appointing the decedent's son "co-administrator" for a limited purpose to serve with the decedent's widow, who, according to the order, retained "the exclusive authority to administer the estate."

4

This was the state of the record when this action was filed on August 23, 1995, although the widow later withdrew and Rivers was appointed "an independent administrator."

In other words, whether Teddy Wayne Bolling, as "co-administrator," had the authority and standing to prosecute the action on August 23 depends upon whether the order of August 21 was valid. We hold that it was void.

An order is void when it has been entered by a court that did not have jurisdiction over the subject matter. Evans v. Smyth-Wythe Airport Comm'n, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998).

A circuit court is a court of general jurisdiction regarding probate and the grant of administration of estates. See, e.g., Code §§ 64.1-75, -116, and -118. Such a court has jurisdiction regarding the whole subject matter and, even if it errs in taking jurisdiction in a particular case, the order generally is not void, but only voidable and cannot be questioned in any collateral proceeding. Andrews v. Avory, 55 Va. (14 Gratt.) 229, 236 (1858).

The foregoing rule has two exceptions, one of which controls this case. If an intestate already has "a personal representative in being" when the order appointing another administrator is entered, such order is void. Id. This is because "[t]here must be an office, and that office must be

vacant, in order to [have] a valid appointment of a personal representative."  Until the office is vacant, "there is in fact no 'subject matter,' to be within the jurisdiction of the court. That subject matter is[] the appointment of a personal representative to a decedent who has none, and whose personal estate is therefore without an owner."  Id. at 236-37.

This ancient and settled rule has been followed consistently in our case law.  For example, in Beavers v. Beavers, 185 Va. 418, 423, 39 S.E.2d 288, 290 (1946), this Court held that when an administrator had been appointed and qualified, "the power of the court or clerk is exhausted, and no further appointment can be made until a vacancy occurs in the office in some way recognized by law."  See Rockwell v. Allman, 211 Va. 560, 561, 179 S.E.2d 471, 472 (1971) (citing Andrews).

The Andrews rule has not been altered by statute.  We have found no statutory authority for the procedure employed in this case with regard to the August 21 order, and the plaintiff has referred us to none.  Indeed, the rule is consistent with the provisions of Code § 64.1-131, which enumerates the circumstances when the court may allow another to qualify on an estate and plainly requires an incumbent administrator to resign before allowing "any other person to qualify as executor or administrator."

Consequently, under the Andrews rule, the August 21 order is void because, at the time the order was entered, the decedent already had a properly qualified administrator in Virginia, Betty Chloe Bolling. Certainly, as the plaintiff argues, Virginia law allows joint administration of an estate. But that argument is irrelevant here. To obtain joint administration in this case, Betty Chloe Bolling's appointment should first have been revoked and then the son and widow could have been appointed as joint administrators. See Lingle v. Cook's Adm'rs, 73 Va. (32 Gratt.) 262, 265, 268 (1879).

Therefore, because the August 21 order is void, the plaintiff lacked standing to bring this wrongful death action for the reason that he was not the personal representative of the decedent's estate. Code § 8.01-50(B) (every wrongful death action "shall be brought by and in the name of the personal representative" of the deceased person). This means, of course, that the trial court properly granted the motion to abate, and the order dismissing the action will be affirmed.

Our decision today, however, shall be limited to the present case and shall operate prospectively only; this decision will not affect the validity of any orders entered in the past under circumstances similar to those underlying the order in issue here.

Affirmed.