Present:  Kinser, C.J., Lemons, Goodwyn, Millette, Mims, and Powell, JJ., and Lacy, S.J.

ROBERT BARTEE, ADMINISTRATOR
OF THE ESTATE OF TONIA BEGLEY,
DECEASED

v.  Record No. 131283          OPINION BY SENIOR JUSTICE
                                ELIZABETH B. LACY
MARISSA G. VITOCRUZ                  June 5, 2014


FROM THE CIRCUIT COURT OF WISE COUNTY
Chadwick S. Dotson, Judge

In this appeal we consider whether a sole surviving co-administrator of an intestate's estate may maintain a wrongful death action.

FACTS AND PROCEEDINGS

On January 12, 2010, Tonia Michelle Begley presented to the Emergency Department of Wellmont Lonesome Pine Hospital complaining of chest pain, anxiety and elevated blood pressure. Marissa G. Vitocruz, M.D., evaluated, treated and discharged Ms. Begley from the Emergency Department.  Ms. Begley died on January 13, 2010.

On January 29, 2010, Robert Bartee and Wiley Begley qualified in the Circuit Court of Wise County, Virginia, as co-administrators of Ms. Begley's estate.  On August 31, 2011, Wiley Begley died.  On December 22, 2011, Robert Bartee, as the "duly qualified . . . administrator" of Ms. Begley's estate filed a wrongful death lawsuit pursuant to Code § 8.01-50 alleging that Vitocruz was negligent in her medical care and

treatment of Ms. Begley and that Vitocruz' negligence was the proximate cause of Ms. Begley's death.

Vitocruz filed motions to dismiss and abate the wrongful death action asserting that Bartee lacked standing to file the action without the co-administrator joining in the case. The trial court, citing this Court's interpretation of the provision now found in Code § 8.01-50(C)[1] that there must be "a unity of action whether there is one personal representative or more than one," Addison v. Jurgelsky, 281 Va. 205, 208, 704 S.E.2d 402, 404 (2011), held that Bartee lacked standing to sue alone. The trial court also concluded that Code § 8.01-5(A) permitted the joinder of Wiley Begley as an additional party plaintiff at any time the ends of justice may require.

Bartee filed a motion to reconsider with the trial court arguing that when there is a joint administration of an estate and one of the personal representatives dies, or is removed, the entire authority vests in the surviving administrator. Vitocruz opposed the motion arguing that the doctrine of survivorship applies to executors only and not administrators.

The trial court denied Bartee's motion to reconsider, but granted him leave to amend his complaint. On March 18, 2013, Bartee filed an amended complaint that did not add Wiley Begley

---

[1] Effective July 1, 2012, Code § 8.01-50 was amended, as relevant here, to redesignate subsection B to subsection C. 2012 Acts ch. 725.

or another person as a party plaintiff, but explained that the Wise County Circuit Court Clerk "refused [Bartee's] requested qualification or requalification, asserting that there was no need for another qualification or requalification in order for the original qualification to be effective and that the surviving administrator, Robert Bartee, had the authority to act alone."

Vitocruz filed motions to dismiss and abate Bartee's amended complaint again arguing that Bartee lacked standing to file an action without the other co-administrator joining in the case and that Bartee failed to correct his lack of standing.

The trial court granted Vitocruz' motion to dismiss the amended complaint, finding that "Bartee lacked standing acting alone to sue the defendant because the qualification of both Robert Bartee and Wiley Begley as co-administrators was in full force and effect when Robert Bartee filed this action." The trial court denied Bartee's motion for leave to file an additional amended complaint, dismissed the case and struck it from the court's docket.

Bartee filed a petition for appeal, arguing that the trial court erred in dismissing the wrongful death action because under the doctrine of survivorship he, as the sole remaining co-administrator, had the authority to maintain the wrongful death action.

DISCUSSION

In Addison, we held that one of two co-administrators of an estate had standing to file a wrongful death action pursuant to Code § 8.01-50 and that such filing was not a nullity. 281 Va. at 209, 704 S.E.2d at 404-05. However, because Code § 8.01-50 requires unity of action "whether there is one personal representative or more than one," the other co-administrator was a necessary party plaintiff to the action. Id. at 208, 704 S.E.2d at 404. Applying Code § 8.01-5, we concluded that the second co-administrator could be joined as a party plaintiff and that the original filing tolled the running of the statute of limitations. Id. at 211, 704 S.E.2d at 406.

In this case, Bartee, as a duly qualified co-administrator, filed the wrongful death action within the limitations period and, therefore, under Addison, he had standing to file the suit, the filing was not a nullity, and the filing tolled the statute of limitations.

Bartee argues here, as he did in the trial court, that he was not required to take any further action because when Wiley Begley died, Bartee, as remaining co-administrator, had complete power and authority to maintain the wrongful death action. This issue is a question of law that we review de novo. Antisdel v. Ashby, 279 Va. 42, 47, 688 S.E.2d 163, 166 (2010). Bartee also suggests that this is an issue of first impression and we agree.

4

Bartee relies on the doctrine of survivorship as the basis for his position, citing Virginia cases that hold where joint executors are appointed in a will that does not require joint exercise of the power, and one executor dies, the power of the office devolves on the surviving executor to exercise the power of that office. Hofheimer v. Seaboard Citizens' Nat'l Bank, 154 Va. 896, 156 S.E. 581 (1931); Shepherd v. Darling, 120 Va. 586, 91 S.E. 737 (1917); Davis v. Christian, 56 Va. (15 Gratt.) 11 (1859). Bartee cites to the Uniform Probate Code, § 3-718, cases from other jurisdictions and secondary sources for the principle that the doctrine of survivorship applicable to executors also applies to administrators. See Smith v. Smith, 173 S.W.2d 813 (Ky. 1943); Beall v. Hilliary, 1 Md. 186 (1851); Ballard v. Zachry, 187 S.E. 139 (Ga. Ct. App. 1936); 31 Am. Jur.2d, Executors and Administrators § 949 (2012); Bouvier's Law Dictionary 47 (Student ed. 1928); and Bouvier's Law Dictionary 1144 (8th ed. 1914). However, he cites no Virginia authority for that proposition and we find none. Nevertheless, as discussed below, our review of the relevant Virginia statutes and case law addressing the powers of administrators and substitution of parties is consistent with the application of the doctrine of survivorship upon which Bartee relies in this case.

Compliance with the trial court's requirement that Bartee add Wiley Begley, the other named co-administrator, or some other co-administrator as a party plaintiff is not possible under Virginia statutory and case law. First, Wiley Begley could not be added as a necessary party plaintiff because he was deceased. Generally, if a person becomes incapable of prosecuting or defending a case due to death, the action may proceed on behalf of the decedent's estate by and through the substitution of decedent with his personal representative. Code § 8.01-56; Rule 3:17; see also Estate of James v. Peyton, 277 Va. 443, 451, 674 S.E.2d 864, 867 (2009)(holding that personal representative of estate may be substituted for deceased party defendant); Seymour v. Richardson, 194 Va. 709, 711, 75 S.E.2d 77, 78 (1953)(reviving action in name of personal representative when party to litigation died). However, when an executor or an administrator of an intestate's estate dies, the estate of the deceased executor or administrator, by and through the estate's personal representative, does not succeed to the interest of the executor as executor or administrator as administrator. Rather, a new administrator or administrator with the will attached must be appointed to prosecute an action on behalf of the estate. See, e.g., Coleman v. M'Murdo, 26 Va. (5 Rand.) 51, 55, 64, 79, 131-32 (1827)(holding administrator de bonis non, appointed upon death of intestate's administrator, could not

6

maintain an action against the initial administrator for wasting assets); see also Code § 64.2-513 relating to executors. Therefore, in this case, neither Wiley Begley nor his estate, by and through its personal representative, could be joined as a necessary party for the prosecution of this wrongful death action.

Second, Virginia jurisprudence provides that once the administrator or administrators of an intestate's estate have been properly qualified and appointed, another administrator may not be appointed unless there is a vacancy in the office. Bolling v. D'Amato, 259 Va. 299, 303-04, 526 S.E.2d 257, 259 (2000)(citing Andrews v. Avory, 55 Va. (14 Gratt.) 229, 236 (1858)). A vacancy in the office exists only when there is no existing qualified administrator. Id.

If the office of administrator is not vacant, it follows that the powers of the office have not terminated and therefore the remaining co-administrator must have the authority to exercise the powers attached to the office. We reached this conclusion long ago in Davis with regard to executors. 56 Va. (14 Gratt.) at 38. In Davis, we concluded that, because the office survives as long as a co-executor survives, "by parity of reason" the powers of the office survive and can be executed by the sole surviving executor unless the will specifically required joint exercise of the powers. Id. We see no reason

7

why this same rationale should not be applied to the office of administrator of an intestate estate.  To do otherwise would either prevent administration of the estate or require a duly qualified administrator to submit his resignation to the court and, upon notice to the parties in interest, the court could accept the resignation and then allow another person to qualify as an administrator.  Code § 64.2-610(B).[2]  Neither course of action is acceptable.  Requiring the resignation and reappointment of a duly qualified administrator elevates form over substance, is an unnecessary use of judicial resources, would delay administration of the intestate's estate - in this case, the prosecution of the wrongful death action - and provides no benefit to any party involved.  Alternatively, applying the survivorship doctrine to administrators allows the efficient use of judicial resources, continuation of the estate's administration, and is not prejudicial to any party.

Vitocruz argues, however, that the survivorship doctrine cannot be applied to administrators because in enacting Code § 64.2-517 the General Assembly limited the doctrine of survivorship to executors and administrators with the will annexed.[3]  We disagree.  We cannot say that the intent of the

---

[2]Code § 64.2-1424 also allows a personal representative to resign, conditioned on the accounts being settled as provided by law.  This provision is not relevant here.
[3]Code § 64.2-517 provides:

General Assembly in enacting Code § 64.2-517 was to limit the survivorship principle to co-executors.  A long-standing policy distinction exists between executors and administrators.  Executors are specific individuals chosen by the testator to administer the testator's estate.  If co-executors are appointed, there is a presumption that the testator intended that the administration be accomplished jointly by the named individuals.  Therefore, Code § 64.2-517 provides important notice to the testator that the survivorship principle will be applied unless the testator provides otherwise in the will.  No such presumption of joint administration exists in the case of an intestate's estate and therefore notice to the testator

A. When discretionary powers are conferred upon the executors under any will and some, but not all, of the executors die, resign, or become incapable of acting, the executors or executor remaining shall continue to exercise the discretionary powers conferred by the will, unless the will expressly provides that the discretionary powers cannot be exercised by fewer than all of the original executors named in the will.

B. When discretionary powers are conferred upon the executors under any will and all of the executors or the sole executor if only one is named in the will dies, resigns, or becomes incapable of acting, the administrator with the will annexed appointed by the court shall exercise the discretionary powers conferred by the will upon the original executors or executor, unless the will expressly provides that the discretionary powers can only be exercised by the executors or executor named in the will.

9

afforded by Code § 64.2-517 is not relevant in the case of intestacy.

In summary, for the reasons stated above, we hold that Bartee, as a duly appointed co-administrator of the estate of Tonia Begley at the time he filed the wrongful death action against Vitocruz, had standing to file the action.  Because the other co-administrator had died, there was no other necessary party who could be joined as a party plaintiff.  The office of administrator of Tonia Begley's estate was not vacant and no other appointment could be made until a vacancy existed. Applying the doctrine of survivorship, the power of appointment given Bartee and Wiley Begley as co-administrators to prosecute a wrongful death action pursuant to Code § 8.01-50 could be exercised by Bartee as the sole remaining administrator.

Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings.

<u>Reversed and remanded</u>.