COURT OF APPEALS OF VIRGINIA

Present:   Judges Fulton, Causey and Raphael
Argued at Lexington, Virginia

PUBLISHED

ZACHARY GRADY, ADMINISTRATOR OF THE
  ESTATE OF ERIN JO BAKER, DECEASED

                                                          OPINION BY
v.       Record No. 1520-23-3                    JUDGE STUART A. RAPHAEL
                                                          JUNE 18, 2024

JOAN L. BLACKWELL, ADMINISTRATOR OF THE
  ESTATE OF ERIN JO BAKER

                FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                          Christopher B. Russell, Judge

                Thomas M. Hendell (Tremblay & Smith, PLLC, on briefs), for
                appellant.

                Tara L. Tighe (Amy S. Whitelaw; TLT Legal Services, PLLC;
                Monge & Associates, on brief), for appellee.


        A fatal encounter with a truck on Interstate 81 gave rise to the dispute here between the

decedent's fiancé and the decedent's mother over who should serve as administrator in Virginia

to prosecute the wrongful-death suit against the alleged tortfeasors.  After the mother renounced

her right to administer the estate in Pennsylvania, where the decedent had lived, the fiancé

qualified as the administrator there.  But the mother then qualified as the administrator in

Virginia.  Each filed a wrongful-death case, the fiancé filing in Pennsylvania, and the mother

filing in Virginia.  Both cases were removed to federal court, where the fiancé's wrongful-death

case has since been dismissed.  The fiancé now seeks to oust and replace the mother as

administrator in Virginia in order to take over the prosecution of the wrongful-death case that the

mother initiated.  The fiancé argues that the mother renounced her administrator rights in

Pennsylvania.  He claims that Article IV, Section 1 of the United States Constitution requires

Virginia courts to give "full faith and credit" to the mother's renunciation in Pennsylvania and to the letters of administration issued to him by the county register of wills in Pennsylvania. The circuit court rejected his claim, siding with the mother on the constitutional question.

Wary of deciding constitutional questions unnecessarily, we resolve this appeal on narrower grounds. Under Code § 64.2-445, a party who contests an administrator's appointment must appeal the clerk's appointment order to the circuit court within six months. Because the fiancé failed to do that and his failure is not excused on equitable grounds, his claim should have been dismissed as untimely.

BACKGROUND[1]

At 1:05 a.m. on October 4, 2021, Erin Jo Baker was driving the family car northbound on Interstate 81 in Rockbridge County. Her fiancé, appellant Zachary Grady, sat in the front passenger seat. The couple's two daughters—ages one and three—sat in the backseat. After a traffic accident, Baker's car came to rest in the left-hand lane. Grady managed to get out of the car with both girls. They stood off the highway on an adjacent berm. But Baker's door was jammed, preventing her from escaping. As Baker tried to crawl out on the passenger side, a tractor-trailer driven at a high speed by Daniel R. Rothwell slammed into the car from behind. Grady and the children witnessed the collision. Baker was medevacked from the scene, but she died from her injuries later that day.[2]

---

[1] As the trial court decided this case after an evidentiary hearing, we review the evidence in the light most favorable to appellee, Joan Blackwell, the decedent's mother who prevailed below. *See Fuentes v. Clarke*, 290 Va. 432, 439 (2015).

[2] The facts in this paragraph are taken from *Grady v. Rothwell*, No. 6:23-cv-00001, 2023 U.S. Dist. LEXIS 59578 (W.D. Va. Apr. 4, 2023), *appeal dismissed*, 2023 U.S. App. LEXIS 18676 (4th Cir. July 21, 2023), which in turn recited the facts alleged in Grady's amended complaint filed in the United States District Court for the Middle District of Pennsylvania. *See id.* at *2. A copy of the district court's opinion was admitted into evidence here as plaintiff's

Baker died intestate. Several weeks later, Baker's parents each signed forms in Northumberland County, Pennsylvania, where Baker had lived, renouncing their right to administer Baker's estate and requesting that letters of administration be issued to Grady instead. Appellee Joan Blackwell, Baker's mother and a resident of North Carolina, signed the form on November 29, 2021. The form stated that, in her "capacity/relationship as mother," Blackwell did thereby "renounce the right to administer the Estate of the Decedent and, to the extent permitted by law pursuant to 20 Pa.C.S. § 3155, respectfully request that Letters be issued to Zachary D. Grady."[3] The register of wills for Northumberland County issued letters of administration to Grady on December 10, 2021.

On February 14, 2022, the clerk of the Circuit Court of Rockbridge County, Virginia, appointed Blackwell as administrator of Baker's estate "for purposes established under Code of Virginia section 64.2-454, requiring a bond without surety of $500." Later that day, Blackwell, in her capacity as administrator, filed a wrongful-death suit in the Circuit Court for the City of Richmond against Rothwell and La-Z-Boy Logistics, Inc.—Rothwell's employer and the owner of the tractor-trailer that struck and killed Baker. Rothwell and La-Z-Boy removed the case to the United States District Court for the Western District of Virginia.

Grady knew about Blackwell's appointment as administrator in Virginia by no later than March 10, 2022, as he admitted in response to a request for admission. But he did not try to challenge her appointment until nearly a year later.

Instead, on March 22, 2022, under his Pennsylvania appointment as administrator of Baker's estate, Grady filed his own wrongful-death suit against Rothwell and La-Z-Boy in the

---

Exhibit 8. We recite these facts under the standard of review applicable to this case, but we make no finding as to their accuracy for purposes of Blackwell's pending wrongful-death action.

[3] Renunciation was required because Grady and Baker had not yet married when Baker died, so Baker's parents had priority to administer the estate. *See* 20 Pa. Cons. Stat. § 3155(b).

United States District Court for the Middle District of Pennsylvania. That court transferred Grady's case to the Western District of Virginia, where Blackwell's wrongful-death suit was pending.

On February 3, 2023, Grady filed in the Rockbridge County Circuit Court a "Motion for Protective Order and for Injunction." Grady alleged that Blackwell's appointment in Virginia was contrary to Blackwell's renunciation of her administration rights in Pennsylvania. He argued that the Full Faith and Credit Clause required Virginia courts to enforce Blackwell's renunciation in Virginia. Grady cited two grounds for invoking the circuit court's jurisdiction. First, he sought a protective order under Code § 64.2-445 to prohibit Blackwell from taking further action to prosecute her wrongful-death suit, pending resolution of who should serve as administrator. Second, referencing the general jurisdiction of a circuit court under Code § 8.01-620 "to award injunctions," Grady requested a permanent injunction that would remove Blackwell as administrator, force her to dismiss her wrongful-death suit, and grant him the right to administer Baker's estate instead.

On April 4, 2023, the Western District of Virginia dismissed Grady's wrongful-death suit for lack of standing. *See Grady v. Rothwell*, No. 6:23-cv-00001, 2023 U.S. Dist. LEXIS 59578 (W.D. Va. Apr. 4, 2023), *appeal dismissed*, 2023 U.S. App. LEXIS 18676 (4th Cir. July 21, 2023). The court concluded that, because Grady failed "to qualify in Virginia as the personal representative of Ms. Baker's Estate, he lack[ed] standing to bring a wrongful death action under [Code] § 8.01-50." *Id.* at *6.

On June 23, 2023, the trial court in Rockbridge County conducted an evidentiary hearing on Grady's motion to remove Blackwell as administrator. Grady and Blackwell each testified.

- 4 -

Both acknowledged that they were not statutory beneficiaries under Virginia's wrongful-death statute.[4] Each party claimed to serve only the best interests of the minor children.

The trial court expressed condolences to both parties for this "unspeakable tragedy that occurred here in Rockbridge County." It said this was "a difficult, difficult case" that presented a question of "first impression." The "full faith and credit arguments" were "complex and complicated."

The trial court resolved the constitutional question in Blackwell's favor. It found that Blackwell had "knowingly and voluntarily renounced her right to administer the Pennsylvania estate . . . . She clearly did that." Even so, the court concluded that Pennsylvania had "to give full faith and credit to the laws of Virginia, which say . . . under [*Harmon v. Sadjadi*, 273 Va. 184 (2007)] . . . that[] regardless of someone else qualifying in a foreign state, that [Blackwell] had the right to qualify here for the purpose of pursuing a wrongful death case."

The trial court declined Blackwell's request to decide the case on the alternative ground that Grady's claims were barred by the six-month statute of limitations in Code § 64.2-445. The court found it "clear from the evidence" that Grady knew of Blackwell's appointment and "had the ability that day to file an appeal, which he didn't do." Still, the court chose to base the decision on constitutional grounds. So the court denied Grady's motion for a protective order and permanent injunction.[5] Grady noted a timely appeal.[6]

---

[4] As Baker and Grady had not yet married, there was no "surviving spouse" of the decedent. Code § 8.01-53(i). And when the decedent has surviving children, a parent is a statutory beneficiary only if the parent, "within 12 months prior to the decedent's death, regularly received support or regularly received services from the decedent for necessaries." *Id.*

[5] The trial court concluded sua sponte that Blackwell's surety bond should be increased to $25,000 because she was not a Virginia resident. Blackwell does not challenge that ruling here.

[6] On July 21, 2023, Grady voluntarily dismissed his appeal of the order dismissing his wrongful-death case. *See Grady v. Rothwell*, No. 23-1465, 2023 U.S. App. LEXIS 18676, at *1 (4th Cir. July 21, 2023). Blackwell's wrongful-death case remains pending.

ANALYSIS

It is a "fundamental and longstanding precept . . . that 'unnecessary adjudication of a constitutional issue' should be avoided." *Commonwealth v. Swann*, 290 Va. 194, 196 (2015) (quoting *Bell v. Commonwealth*, 264 Va. 172, 203 (2002)). "[I]f a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter." *Taylor v. Commonwealth*, 78 Va. App. 147, 157 (2023) (quoting *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)). The constitutional-avoidance doctrine is "an aspect of the 'doctrine of judicial restraint' that 'dictates that we decide cases "on the best and narrowest grounds available."'" *McKeithen v. City of Richmond*, 302 Va. 422, 435 n.2 (2023) (quoting *Swann*, 290 Va. at 196). An appellate court may affirm a judgment as the "right result for a different reason" when, as here, the basis for affirming the judgment is fully supported by the record. *City of Charlottesville v. Sclafani*, 300 Va. 212, 222 & n.4 (2021). We therefore decline to reach the question under the Full Faith and Credit Clause. We resolve this case on the narrower ground that Grady failed to challenge Blackwell's appointment within the six months specified in Code § 64.2-445.[7]

---

[7] We disagree with Blackwell that Grady's asserted lack of standing provides the best and narrowest ground for decision. Blackwell argues that Grady sued in his official capacity as foreign administrator, contrary to the well-established rule "that a foreign administrator, who has acquired no status in Virginia, is without authority to institute in his official capacity any action or suit in the courts of this State." *Harmon*, 273 Va. at 193 (quoting *McDaniel v. N.C. Pulp Co.*, 198 Va. 612, 615 (1956), *overruled on other grounds by Harmon*, 273 Va. at 193). Blackwell relies entirely on the case caption, however, ignoring that "whether a party named in a caption is a proper party to the action is to be determined not merely by how that party is identified in the caption of the pleading, but by the allegations set forth within a pleading that identify that party more specifically." *Estate of James v. Peyton*, 277 Va. 443, 455 (2009). At least portions of Grady's motion sought relief in his individual capacity, such as an order granting him "administration of the wrongful death Estate . . . or directing that the Clerk so qualify [him]." But because this issue has not been adequately briefed, we assume without deciding that Grady had standing to challenge Blackwell's appointment.

- 6 -

"Under the Death by Wrongful Act Statute, the personal representative of the decedent plays a pivotal role. In this context, the personal representative includes the executor or administrator of a decedent's estate who has been qualified by a court to hold the position." *In re Woodley*, 290 Va. 482, 487 (2015). "A wrongful death action may *only* 'be brought by and in the name of the personal representative of such deceased person.'" *Id.* (emphasis added) (quoting *Johnston Mem'l Hosp. v. Bazemore*, 277 Va. 308, 312 (2009)); *see* Code § 8.01-50(C) ("Every such action . . . shall be brought by and in the name of the personal representative of such deceased person.").

The law is settled that a person's appointment to serve as administrator in another State does not thereby qualify him to serve as administrator in Virginia. *See Harmon*, 273 Va. at 193; *Moore v. Smith*, 177 Va. 621, 624 (1941); *Fugate v. Moore*, 86 Va. 1045, 1047 (1890). As our Supreme Court said in 1890:

> It is an established general rule that a grant of administration has no legal operation outside of the state from whose jurisdiction it was derived. Hence, ordinarily, no suit can be maintained by any executor or administrator, or against any executor or administrator, in his official capacity, in the courts of any other state.

*Fugate*, 86 Va. at 1047. Thus, Grady's appointment to administer Baker's estate in Pennsylvania did not empower him to serve as administrator in Virginia.

The Code of Virginia contemplates that a *different* administrator may prosecute a wrongful-death action in Virginia than the person who qualified as administrator in a foreign jurisdiction. To be sure, "[i]f a fiduciary has been appointed in a foreign jurisdiction, the fiduciary *may* qualify as administrator." Code § 64.2-454 (emphasis added). But "[t]he appointment of a fiduciary in a foreign jurisdiction shall not preclude a resident or nonresident from qualifying as an administrator for the purposes of maintaining a wrongful death action

pursuant to § 8.01-50 or a personal injury action in the Commonwealth." *Id.* "A resident and nonresident" could also "be appointed as coadministrators." *Id.*

The Code specifies the method for the clerk of the circuit court to appoint an administrator. A circuit-court clerk or qualified deputy clerk may "appoint and qualify executors, administrators, and curators of decedents, and require and take from them the necessary bonds, in the same manner and with like effect as the circuit court." Code § 64.2-444(A).

Grady bases his challenge to Blackwell's appointment on the next provision, Code § 64.2-445, which authorizes an appeal from a clerk's order appointing an administrator:

> Any person interested in the probate of the will may appeal any order entered pursuant to § 64.2-444 within six months after the entering of such an order, without giving any bond, to the circuit court whose clerk, or deputy, has made the order . . . . The appeal shall be given precedence on the court's docket. The matter shall be heard de novo by the court . . . . At any time after such appeal is allowed, the court may enter an order for the protection of the persons interested in the probate of the will or for the protection or preservation of any property involved as it finds necessary.

Blackwell sees two textual obstacles to Grady's invoking this statute. First, since Baker died intestate, Grady is not a person "interested in the probate of the will." Second, even assuming the statute applies, Grady failed to appeal Blackwell's appointment "within six months after" the clerk entered the order appointing Blackwell.

We assume without deciding that Grady is correct that Code § 64.2-445 allows him to challenge an administrator's appointment to prosecute a wrongful-death action when the decedent has died intestate.[8] Even so, we agree with Blackwell that Grady's challenge is barred by the six-month statute of limitations.

---

[8] The parties have not addressed how an interested person would challenge an administrator's appointment to prosecute a wrongful-death case—when the decedent left no

The statute expressly imposes a six-month limitations period to appeal the clerk's appointment of an administrator. Code § 64.2-445 ("may appeal . . . within six months after the entering of such an order"). Appeals must "be given precedence on the court's docket." *Id.* That six-month window echoes the obligation imposed by caselaw to timely challenge an administrator's appointment. *See Wackwitz v. Roy*, 244 Va. 60, 64 (1992) ("[T]he defendants did not 'properly and seasonably' challenge the administrator's right to maintain this action in the trial court. Therefore, they have waived the issue, and it cannot be raised for the first time on appeal." (quoting *Moore*, 177 Va. at 624)); *Hughes v. Clayton*, 7 Va. (3 Call) 554, 554 (1790) (holding that the trial court properly refused to dismiss the case when the defendant demanded proof of the administrator's appointment for the first time at trial).

When an administrator's appointment is *not* properly or timely contested, it cannot be collaterally attacked unless the appointment is void ab initio. *See Andrews v. Avory*, 55 Va. (14 Gratt.) 229, 236 (1858); *Bolling v. D'Amato*, 259 Va. 299, 303 (2000) ("cannot be questioned in any collateral proceeding"); 1 T.W. Harrison & James P. Cox, *Harrison on Wills and*

---

will—*other* than by appealing the clerk's order to the circuit court under Code § 64.2-445. This question is complicated. The phrase "interested in the probate of the will" was added in 2012, when Title 64.1 was recodified as Title 64.2. *See* 2012 Va. Acts ch. 614, at 1193 (Code § 64.2-445). "Generally, there is a presumption that a recodified statute does not make substantive changes in the former statute unless a contrary intent plainly appears in the recodified statute." *Waldrop v. Commonwealth*, 255 Va. 210, 214 (1998). The predecessor statute permitted an appeal of the clerk's order by "[a]ny person interested." *See* 1968 Va. Acts ch. 645, at 1035 (Code § 64.1-78). The 2012 revision changed that language to "[a]ny person interested in the probate of the will." Although the additional clause sounds limiting, the Code Commission said otherwise. Its report stated that when the Commission "approved a substantive change to a provision of existing law, it is noted in the drafting note for the affected section." S. Doc. No. 15, *Report of the Virginia Code Comm'n, Recodification of Title 64.1 of the Code of Virginia* 4 (2011). But in recodifying Code § 64.1-78 as § 64.2-445, the drafting note indicated that the changes were *not* substantive but merely "[t]echnical changes to modernize language." *Id.* at 57. Because the parties have not briefed this question, we assume without deciding that Grady properly invoked Code § 64.2-445. In other words, we accept Grady's assumption that Code § 64.2-445 applies, "not as a basis for deciding the contested issue of law, but as a basis for not deciding it." *Commonwealth v. Holman*, ___ Va. ___, ___ (Apr. 4, 2024) (quoting *Logan v. Commonwealth*, 47 Va. App. 168, 172 n.4 (2005) (en banc)).

*Administration for Virginia and West Virginia* § 12.19 (4th ed. 2023) ("Nothing is better settled in Virginia . . . than that the unreversed grant of letters testamentary or letters of administration is unimpeachable collaterally, except in cases where the grant is absolutely void."). An appointment is void ab initio only when the putative decedent "is alive; or where, if dead, he has already a personal representative in being." *Andrews*, 55 Va. (14 Gratt.) at 236; *see Bolling*, 259 Va. at 304 ("[U]nder the *Andrews* rule, the . . . order [at issue] is void because, at the time the order was entered, the decedent already had a properly qualified administrator in Virginia . . . ."). In all other instances, defects in the administrator's appointment are not jurisdictional. *See Wackwitz*, 244 Va. at 64 ("not void for want of jurisdiction"); *see also Beavers v. Beavers*, 185 Va. 418, 422-23 (1946) ("The judgment of the clerk is a judgment in rem, whose validity can only be questioned in the manner provided for by statute.").

Grady's challenge under Code § 64.2-445 was untimely. Rather than appeal the clerk's February 14, 2022 appointment within "six months," Grady waited nearly a year to file his "Motion for Protective Order and for Injunction," seeking to oust and replace Blackwell. Even then, Grady failed to "appeal" the clerk's appointment to the circuit court under Code § 64.2-445. Instead, he sought to collaterally attack it through an original action in the circuit court, flouting the rule that the appointment "can only be questioned in the manner provided for by statute," *Beavers*, 185 Va. at 422-23, and "cannot be questioned in any collateral proceeding," *Bolling*, 259 Va. at 303.

The six-month time-bar in Code § 64.2-445 is similar to other statutes of limitations. "As our appellate courts have repeatedly said, '[i]t is well-established that "statutes of limitations are strictly enforced and must be applied unless the General Assembly has clearly created an exception to their application."'" *Smith Dev., Inc. v. Conway*, 79 Va. App. 360, 374 (2024) (alteration in original) (quoting *Casey v. Merck & Co.*, 283 Va. 411, 416 (2012)). "[A]ny doubt

must be resolved in favor of the enforcement of the statute." *Id.* (alteration in original) (quoting *Casey*, 283 Va. at 416).

Grady has not claimed that any equitable-tolling principle excuses his failure to comply with the six-month limitations period. *See id.* at 380-81 (discussing equitable tolling and tolling under Code § 8.01-229(D)). Anticipating an argument Grady never made, Blackwell noted on brief that even if Code § 64.2-445 had required "actual notice" of her appointment to start the six-month clock, Grady had such notice by "no later than March 10, 2022." Yet he waited another ten months to do anything about it. We agree with that assessment. But it is beside the point, since Grady failed to make or preserve any argument based on equitable tolling. *See* Rules 5A:18 & 5A:20(c).

Our finding that Grady's challenge to Blackwell's appointment is time-barred is not undercut by Code § 8.01-620, on which Grady based his request for a permanent injunction. Code § 8.01-620 confers "general jurisdiction" on circuit courts "to award injunctions." But a trial judge sitting as chancellor may not award injunctive relief that conflicts with the General Assembly's statutory command. To the contrary, it is a "general rule" that "'where a positive statutory remedy exists for the redress of particular grievances, a court of equity will not interfere by injunction and assume jurisdiction of the questions involved, . . . since such interference would place the judicial above the legislative power of the government.'" *Penn v. Ingles*, 82 Va. 65, 72 (1886) (quoting 1 James L. High, *Treatise on the Law of Injunctions* § 29, at 25 (2d ed. 1880)).[9] Likewise, "[i]t is a well-established principle uniformly acted upon by courts of equity,

---

[9] *Penn* noted the "important and well-established qualification" that "'to deprive a plaintiff of the aid of equity by injunction, . . . the remedy at law'" must be "'plain and adequate; in other words, that it is as practical and efficient to secure the ends of justice and its proper and prompt administration as is the remedy in equity.'" 82 Va. at 72 (quoting High, *supra*, § 30, at 26). But as explained earlier, Grady has never claimed that his legal remedy under Code § 64.2-445 was deficient. *See supra* note 8.

that in respect to the statute of limitations equity follows the law; and if a *legal demand* be asserted in equity which at law is barred by statute, it is equally barred in equity." *Belcher v. Kirkwood*, 238 Va. 430, 433 (1989) (quoting *Sanford v. Sims*, 192 Va. 644, 649 (1951)). Thus, Grady's failure to comply with the six-month-limitations period in Code § 64.2-445 bars his challenge to Blackwell's appointment as administrator.

CONCLUSION

Grady failed to appeal Blackwell's appointment as administrator within the six months required by Code § 64.2-445, and he did not assert any basis in equity to excuse him from that requirement. We thus affirm the judgment on the ground that Grady's challenge to Blackwell's appointment is time-barred. Doing so makes it unnecessary to decide the Full Faith and Credit Clause question that the parties and the trial court identified as an issue of first impression.

*Affirmed*.